No. 8137.

THE NEW ORLEANS CITY RAILROAD COMPANY VS. THE CRESCENT CITY RAILROAD COMPANY.

ON MOTION TO DISMISS.

This Court cannot take cognizance of evidence outside of the Transcript, in support of the charge of Appellant's acquiescence in the judgment appealed from. The case must be remanded for the purpose of such investigation.

It is only when the fact alleged on one side is expressly admitted on the other, that the remanding is unnecessary. The jurisdiction of this Court in such cases clearly defined.

When an Appeal is taken from the decree of a State Court ordering the removal of the case to the United States Circuit Court, under the laws of Congress, and the Appellant himself files the Record in the Federal Court and there moves for the dissolution of the Injunction granted by the State Court, there is an acquiescence by the Appellant in the judgment appealed from and the Appeal will be dismissed by this Court.

APPEAL from the Civil District Court, parish of Orleans. *Monroe, J.*

---

*Carleton Hunt* for Plaintiff and Appellee:

A party who acquiesces in a judgment rendered against him by voluntarily executing the same cannot appeal therefrom. C. P. 567.

This Court will take judicial notice in an especial manner of the course of proceeding, the decision and the jurisprudence of the Circuit Court of the United States for the Fifth Judicial Circuit, District of Louisiana.

*John M. Bonner* for Defendant and Appellant:

First—The Supreme Court will consider original evidence when all parties consent. 3 An. 115; 28 An. 274.

Second—The doctrine of acquiescence is not applicable to the decrees or orders of a judge transferring a cause from a court of general jurisdiction to a tribunal of limited jurisdiction. A judgment can only be acquiesced in when it can be voluntarily executed. And courts of limited jurisdiction depend for the exercise of their functions on the law, and not on the consent of litigants. 22 An. 81, 134; 27 An. 625.

Third—The necessity of the State and Federal Circuit Courts being certain of their jurisdiction, before proceeding with a cause, is enforced by the nullity that attaches to their actions when they are without jurisdiction. 9 Otto, 80; 29 An. 372; 29 An. 400; 10 Otto, 457; Dillon on Removal of Causes, 3d ed. p. 130.

Fourth—The rule enforced in Federal Courts, that a party loses none of his rights by contesting the case in the State Court, after it has refused the application for a removal, should be equally applicable to the State Courts. 19 Wall. 214; The Removal Cases, 10 Otto, 475; Dillon on Removal of Causes, 3d ed. p. 130.

Fifth—The cause was jurisdictionally removed into the U. S. Circuit Court when the order of removal was signed by the District Judge, and the injunction granted by the State Court remained in full force by the very terms of the statute, until modified or dissolved by the Circuit Court. Act March 3, 1875, §§ 3, 4.

As soon as a copy of the record from the State Court was filed, the jurisdiction of the Circuit, which was before theoretical, became real. 4 Sawyer, U. S. C. C. R. 290, 291; Dillon on Removal of Causes, 3d ed. §§ 78 and 80.

Fifth—Defendant did not consent to go into the Federal Court by taking up the record, but simply prevented the plaintiff from putting the record into its pocket until the 4th Monday of April, 1881, and in this manner keeping its injunction in force without having it contested.

---

## MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Appellee moves to dismiss the present appeal on the ground that appellant has acquiesced in the judgment appealed from. The appeal is taken from a decree, rendered on plaintiff's petition, ordering the removal of the cause to the United States Circuit Court.

Appellee charges that appellant has acquiesced in the judgment of removal by voluntarily appearing before the Circuit Court, and filing therein, and arguing by counsel, a motion to dissolve an injunction previously rendered in favor of plaintiff by the Civil District Court. To the motion of dismissal are annexed two documents; one, a certificate of the clerk of the Circuit Court, tending to show the appearance of appellant, and the other, a certified copy of the motion filed by appellant in that court, for the dissolution of the injunction, and of other proceedings had in the cause.

These documents come before us as original evidence, which, as an appellate court, we cannot consider. The question as to the power of this Court to pass upon evidence, outside of the transcript, in support of the charge of appellant's acquiescence in a judgment appealed from, was at one time involved in some doubt.

But the doubt has been completely dispelled by the more recent decisions of this Court, and we consider the negative of that proposition as firmly settled.

The rule is now that the trial of such a question, requiring the investigation of original evidence, must be remanded to the court *a qua*; see case of Stinson vs. O'Neal, Opinion Book 52, page 390; 29 An. 576; 28 An. 274.

Appellee's counsel suggests that we must take judicial cognizance of the matters and facts, recited and contained in the documents annexed to his motion, and supports his views by the following quotation from Greenleaf:

" Courts take notice of courts of general jurisdiction, their judges, their seals, their rules and maxims in the administration of justice and course of proceeding." Greenlf. on Evid., vol.  , § 6.   *   *   *   " In fine, courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." (Id.)

We fully recognize the doctrine thus laid down, which has always been practically followed by this Court.

But the doctrine cannot be extended so as to authorize this Court to take judicial cognizance of the appearance, acts and pleadings or motions of litigants in the Federal courts, or even in our own State courts.

The issue presented by the present motion necessitates a finding or decision on a question of fact, of which we cannot assume original jurisdiction.

It is, therefore, ordered that the question whether appellant has acquiesced in the judgment appealed from, be referred to the court *a qua* for trial according to law; and that its finding and judgment upon that issue be sent up to this Court in due course.

---

ON· APPLICATION FOR REHEARING ON THE MOTION TO DISMISS APPEAL.

TODD, J. The motion to dismiss was upon the ground that the appellant had acquiesced in the judgment from which he had appealed. To establish such acquiescence, certain documents were sent up with the transcript and annexed thereto. We declined to consider such original evidence presented for the purpose stated, and with a view to enable the appellee to show that the proceedings, which said documents purported to evidence, and which were relied on to establish the acquiescence charged, had taken place, we remanded the case.

The appellant's counsel, in his brief for a rehearing, admits, and for the first time, the facts that the proceedings purporting to be shown by the documents did take place, and asks us to consider this documentary evidence and pass upon the effect of the same.

This admission supplies the proof, which it was the object of the remanding of the case to procure. Our former decree is, therefore, set aside, and the appeal reinstated as standing on the motion to dis- miss, which will be again considered with reference to the admission made as stated, and the effect of the facts admitted, determined.

### ON REHEARING.

BERMUDEZ, C. J.   Plaintiff and appellee seeks to dismiss this appeal on the ground, that the defendant has acquiesced in the judgment ap- pealed from, by voluntarily executing it.

The facts advanced, as constituting acquiescence, are admitted by the defendant company, which simply denies " the conclusion sought to be drawn " from them.

The appearance of defendant, we deem to be, in the nature of an exception of no cause of action.

This action has for its object, the recognition of the plaintiff, as lawful owner of certain railroad franchises represented as about to be invaded by the defendant ; an injunction was asked and obtained *in limine,* the perpetuation of which is prayed for in the petition.

The suit was brought on the 14th of December, 1880.   Shortly after, viz: on the 20th, the plaintiff prayed for its removal to the United States Circuit Court for the District of Louisiana, and the order was made. On the 31st of the same month, the transcript was filed in that Court. On the 5th of January following, 1881, the defendant moved there, to dissolve the injunction.   The motion was tried on the 7th following, and was dismissed on the ground of prematurity, the return day not having arrived.   On the 11th of January, 1881, the defendant appeared in the District Court, moved for and obtained an appeal from the order of re- moval, returnable to this Court on the 3d Monday of January ult., when the transcript was filed here.

The motion to dismiss should prevail.

The theory upon which the defendant predicates its resistance to the dismissal of the appeal, is radically fallacious.   The erroneous as- sumption underlying it consists in taking for granted that no judgment can be acquiesced in, unless it be one on the merits of a case, susceptible of execution; while the true and sound doctrine is, that any order, decree, judgment, or judicial determination whatever, whether interlocu- tory, final or definitive, appealable or not, executory or not, can be ac- quiesced in, submitted to, or ratified, so as for ever to set at rest the matter adjudicated upon.   Innumerable instances could be easily fur- nished in verification.   See 6 M. 723; 10 An. 455; 27 An. 625.   Acts of acquiescence or ratification of judgments, in all cases constitute in-

superable impediments, prohibitive of all and any further discussion, touching the correctnss of the adjudication acquiesced in or ratified. Litigants are not permitted, for reasons of public order, to play fast and loose, in judicial proceedings, particularly when they are of such solemn character.

It is true that the judgment appealed from is not one on the merits of the case, but it is a judgment which can cause no irreparable injury, and from which a *devolutive* appeal undoubtedly lies. 2 M. 177; 6 N. S. 712; 5 L. 378; 9 An. 241; 29 An. 372; 21 An. 233; 23 An. 29; 30 An. 474; 2 Woods, 120. Otherwise, why has the defendant asked for an appeal; why was one allowed; why does the defendant resist the motion to dismiss, and does it insist upon our reviewing the order of removal? It is a decree from which the defendant could have abstained from appealing,—one the correctness of which it could have formally acknowledged. That which it could have done expressly, it could do and has done impliedly.

The decree appealed from is not now before us for review. We cannot, on a motion to dismiss, inquire into its correctness. All that we are now called upon to do is to decide whether the acts of the defendant, which consist in taking up the record and moving, in the United States Circuit Court, for the dissolution of the injunction, are acts of acquiescence in the judgment appealed from, which debar the right of having it revised on appeal. C. P. 567. By thus acting, it is clear that the defendant has virtually acknowledged the correctness of the order of removal, and admitted that the Circuit Court had jurisdiction over the case removed. If this be not so, why did the defendant ask of that court the exercise of its powers to dissolve the injunction?

In consequence of the acts of the defendant, we have nothing to do presently with the order of removal or with the question of jurisdiction of the United States Circuit Court over the removed controversy. The order complained of may be perfectly incorrect, and the Federal court may have no jurisdiction at all over the case; but, however that may be, the defendant,—by formally admitting the correctness of the decree of removal, which it has itself executed, and the jurisdiction which it has endeavored to set in motion,—has debarred itself from a hearing on its appeal in this Court.

In the very case of Buntin vs. Johnson, 27 An. 625, quoted by appellant, the doctrine which we advance was clearly intimated. The Court said:

" The acquiescence which prohibits an appeal, or which destroys an appeal, when taken, is the acquiescence in a decree which commands something to be done or given. If the thing commanded to be done or given, is done or given, the judgment is acquiesced in. It is a confes-

sion that the judgment is correct, and one cannot admit that a judgment is correct and then appeal from it."

In the case before us, the order of the District Court directed the removal of the suit to the U. S. Circuit Court. It was a decree susceptible of execution. By taking up the record of the suit ordered to be removed to the U. S. Circuit Court, and invoking the powers of that court, the defendant has executed the judgment and has acquiesced in it. It has also admitted the jurisdiction of that court and has no right to be heard here.

The question of jurisdiction does not appear to have been, at all, raised in the Circuit Court. That jurisdiction is statutory. It can be conferred neither by acquiescence nor formal consent. If that court have no jurisdiction, the defendant may still ask it so to declare; but, under the present aspect of things, we have no authority to say whether the case is one that could be removed, whether the Circuit Court has jurisdiction, whether the District Court properly removed the suit. We must pass upon the motion to dismiss.

We, therefore, decide that the defendant has acquiesced in the decree of removal, which is the judgment appealed from, and that, after doing so, it could not appeal from it. 4 R. 85; 18 An. 62; 28 An. 274, 744; 18 An. 264; 4 An. 150; 14 La. 523; 14 An. 328; 23 An. 38; 29 An. 576.

For the purpose of demonstrating consistency in the two rulings previously made in this case on the application before us, we deem it proper to state, that, when the motion to dismiss was first submitted, it raised an issue of fact, which, under the jurisprudence, we referred to the District Court, and that it is only after the decree of reference was made, that it was claimed that we had misconstrued the attitude of the appellant, who, far from disputing, had admitted the facts. Unwilling that any misconception on our part should effect the rights of either party, we recalled our first ruling and reinstated the previous order of things which we have just considered.

While on this subject, we think proper to say, that the jurisprudence of this Court, in matters of this description, is: that, on a motion to dismiss on the ground of acquiescence by the appellant, the issue of fact, if in the least disputed or doubtful, must be referred to the lower court for inquiry and adjudication, subject to review by this Court. The reference is necessary as this Court has no original jurisdiction in such cases. 28 An. 272; 23 An. 37; 29 An. 576; 20 An. 574; 21 An. 666; 22 An. 31; 32 An. 665.

Nevertheless, where the facts averred in the motion are not controverted, but are admitted, and the Court is not called upon to realize them by an examination of documents, it would be a vain thing to refer to the lower court a matter involving a pure question of law affecting the

appellate jurisdiction of this Court, which this Court can and should determine, whenever it is legally possible to do so.

While so holding, we keep in view and reiterate the ruling in 32 An. 665, in which we were pressed upon to deal with a mass of original documents, not found in the transcript, but filed in this Court, and submitted to enable us to ascertain whether a corporation was "going" or defunct. It was a fact upon which there was no positive admission in the ably guarded statement of facts signed by counsel.

In conclusion, we distinctly announce, that, as a rule, we will not consider issues of fact raised by motions to dismiss, and that we will pass upon the merits of such motions only where the facts are clearly averred by the mover and admitted by the appellant, or appear clearly in the transmitted record.

The motion to dismiss is sustained, and the appeal is dismissed at appellant's costs.