LANDRY, Judge.
This matter is before us on defendants’ ■motion to dismiss plaintiff’s appeal on the ground plaintiff has voluntarily acquiesced in the judgment appealed from, namely, dismissal by the trial court of plaintiff’s action, with prejudice, upon appellant’s own motion in proper person.
In the brief filed herein by counsel for appellant pursuant to the order of this Court to show cause why this appeal should not be dismissed as moved by counsel for appellees, it is contended on behalf of appellant that the judgment appealed from is an absolute .nullity and conceded the purpose of this appeal is to have its alleged nullity judicially established and pronounced.
Able counsel for appellant maintains the judgment of the lower court dismissing appellant’s suit is void for the following reasons:
(1) The judgment in question was not signed in open Court as required by LSA-C.C.P. Article 1911, but rather was signed by the trial judge in chambers at Hammond, Louisiana, whereas the Twenty-first Judicial District Court, Tangipahoa Parish, sits in Amite, Tangipahoa Parish.
(2) Appellant’s signature to the motion to dismiss presented to the trial court was obtained without the knowledge, consent or approval of appellant’s attorney of record and without appellant’s full comprehension of the meaning and purport thereof.
(3) Defendants’ motion to dismiss this appeal is predicated upon appellant’s acquiescence in a valid judgment and is consequently without merit inasmuch as the judgment in question is of no legal effect.
We further note the brief entered in this Court on appellant’s behalf reflects the pendency of an action in the trial court to nullify the judgment herein appealed.
Defendants’ contention the judgment in question is unappealable is predicated on the provisions of LSA-C.C.P. Article 2085 which, insofar as concerns the case at bar, recites that a litigant may not appeal a judgment after having voluntarily and unconditionally acquiesced therein or consented thereto.
*673 The acquiescence contemplated by the applicable codal provision must be voluntary, unconditional and complete. Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, Inc., La.App., 143 So.2d 739. Not only must such acquiescence be voluntary and unconditional but it must also be coupled with the intention of abandoning the appeal. Culpepper v. Slater, La.App., 131 So.2d 76. Acquiescence and abandonment are never presumed and must be established by evidence which leaves no doubt regarding appellant’s alleged acquiescence considering appeals are favored in law. Rex-Metallic Casket Company v. Gregory, La.App., 104 So.2d 185, and cases therein cited.
Where, however, the intent is clear and unmistakable acquiescence precludes the right of appeal. Thus in the early case of New Orleans City Railroad Company v. Crescent City Railroad Company, 33 La. Ann. 1273, it was held that a litigant who voluntarily takes the record of a suit ordered transferred to the Federal Courts and personally files the record in the Federal Court to which removal has been ordered, thereby acquiesces in such order and may not appeal therefrom.
The record as presently constituted discloses plaintiff’s petition in the trial court sought the nullity of a certain deed because of alleged error. Defendants filed certain exceptions thereto following which appellant, in proper person, on March 16, 1964, presented to the trial judge at Hammond, Louisiana, a motion to dismiss her action with prejudice which motion, inter alia, recited there was in fact no error in the assailed document and appellant desired to and did thereby ratify same. Said order of dismissal was signed by the lower court on the aforesaid date of its presentation and the following day, March 17, 1964, filed with the Clerk of the Twenty-first Judicial District Court, Amite, Louisiana.
Appellees acknowledge the order appealed from was not signed in open Court but argue such circumstance is of no moment in view of the provisions of Footnote D appended to LSA-C.C.P. Article 1911 which codifies prior jurisprudence to the effect that said codal article (formerly embodied in Code of Practice Article 543) may be waived and judgments may be signed in a manner different from that thereto prescribed by stipulation or other consent of the parties.
Insofar as the record before us is concerned it appears that appellant, in proper person, moved the trial court to dismiss her suit with prejudice. In the absence of proof to the contrary, it must be assumed she did so voluntarily, knowingly, intentionally and with full knowledge, understanding and cognizance of the effects thereof. Under such circumstances, and especially in view of the content of her said motion, it cannot be seriously argued that she intended anything other than acquiescence in the judgment of dismissal which she personally presented to the trial court. Having thus acquiesced in the judgment, she may not appeal therefrom.
The alleged nullity of the judgment in question predicated upon the reputed ob-tention of appellant’s signature thereto without the knowledge, consent or approval of her attorney of record and without her full understanding of the purport of her said action, cannot be resolved by us in this proceeding. These questions involve issues of law which can only be adjudicated in the light of the facts attending presentation of the motion to dismiss in the lower court. Since there is no evidence regarding such issues in the record presently before us, we can render no decision thereon at this juncture.
It is of further significance that the relief herein sought by appellant (nullity of the judgment of dismissal rendered below) is equally available to her in her pending action of nullity provided, of course, the law and the evidence supports her contentions. Moreover, plaintiff can in no way be penalized or suffer injury as the result of the dismissal of her present appeal. The judg- *674 meut in question does not condemn her in damages nor does it enjoin or require any action on her part. It merely dismisses an action. If said allegedly null judgment is set aside upon trial of her pending action of nullity, plaintiff will have obtained the relief prayed for herein.
Accordingly, the motion to dismiss this present appeal is granted and this appeal dismissed at appellant’s cost.
Appeal dismissed.