LOTTINGER, Judge.
This is a suit to annul a previous judgment rendered by the Court and to reinstate an action to annul certain property deeds. The petitioner is Mrs. Cecelia S. Ponder and the defendants are Mary Per-ser Pechón, Fernand F. Willoz, III, and R. L. Carruth. The defendants filed motions of res judicata which were sustained by the Lower Court and the action to annul was dismissed. Petitioner has taken this appeal.
On June 25, 1963, the petitioner herein filed against the defendants herein a suit to annul, because of mistake, error and misrepresentation a certain deed to real property which was signed by petitioner as vendor on June 28, 1962. Subsequently, petitioner moved in proper person for dismissal of the action with prejudice, and the Trial Court rendered a judgment dismissing the said suit with prejudice.
The petitioner appealed from the judgment of dismissal, and this Court dismissed the appeal for reasons assigned in our decision which is reported at 169 So.2d 671.
Subsequently, on November 17, 1964, petitioner filed the instant suit which she entitled “Action to Annul Deeds,” in which she prayed for judgment annulling and rescinding the same deed of sale which was in question in the prior suit, and in which she further prayed for judgment annulling, avoiding and rescinding the motion and judgment of dismissal in the prior suit and asking that her original action be reinstated and consolidated with the present cause for trial upon its merits. On November 30, 1964, the defendants filed an exception of res judicata, alleging that this present suit was the same as that previously disposed of *811 by the Court and asking that the exception be maintained and, accordingly, the suit dismissed. An amended and supplemental petition was filed by petitioner on May 19, 1965, purportedly for the purposes of filing a quitclaim deed which was referred to in her original petition but which had not been attached thereto, and which quitclaim deed had not been filed of record. On February 25, 1966, another exception of res juicata was filed by the defendants.
Both exceptions of res judicata were overruled, the original one by judgment filed November 19, 1965, and the second by judgment rendered February 23, 1968, in which defendants were ordered to answer all those allegations of the second petition which were different and at odds with the allegations of the original petition as well as the allegations of the present suit which demanded the nullity of the motion and order of dismissal of the original suit, it stating that the allegations of this suit which are identical to those of the original suit have been finally determined by the judgment of this Court reported in 169 So.2d 671.
On September 24, 1968, a motion to dismiss defendant, Wilson C. Pechón, the heir of Mary Perser Pechón, was signed by the Lower Court in which the petitioner was reserved all rights as against the other two defendants.
On September 27, 1968, petitioner applied for a rehearing or revision of the judgment overruling and dismissing the second exception of res judicata alleging that the decree of the Lower Court should have been simply that the exception was dismissed and overruled, and that the other parts of the decree should be stricken. The application for the new trial was denied by the Lower Court. The plaintiff has taken an appeal claiming that the exception of res judicata should have been overruled without reservation.
The appeal previously before this Court, as reported in 169 So.2d 671, was from an order of dismissal of the previous suit which defendants claim was made upon the voluntary motion and acquiescence of petitioner. In that decision we noted the pend-ency of the present or second action in the Trial Court to nullify the judgment therein appealed from. In that case we said: •
“The alleged nullity of the judgment in question predicated upon the reputed ob-tention of appellant’s signature thereto without the knowledge, consent or approval of her attorney of record and without her full understanding of the purport of her said action, cannot be resolved by us in this proceeding. These questions involve issues of law which can only be adjudicated in the light of the facts attending presentation of the motion to dismiss in the lower court. Since there is no evidence regarding such issues in the record presently before us, we can render no decision thereon at this juncture.
“It is of further significance that the relief herein sought by appellant (nullity of the judgment of dismissal rendered below) is equally available to her in her pending action of nullity provided, of course, the law and the evidence supports her contentions. Moreover, plaintiff can in no way be penalized or suffer injury as the result of the dismissal of her present appeal. The judgment in question does not condemn her in damages nor does it enjoin or require any action on her part. It merely dismisses an action. If said allegedly nulled judgment is set aside upon trial of her pending action of nullity, the plaintiff will have obtained the relief prayed for herein.”
Thus, in our previous ruling, it was the decision of this Court that, as the evidence of the nullity of the previous dismissal of the action was not before this Coitrt, and that another law suit had been filed based upon the same facts, coupled with the additional grounds of nullity of the judgment of dismissal, the appeal should be dismissed and the question relegated to the facts and *812 evidence to be determined on the trial of the second or pending action.
It appears to us that the thing demanded, in the instant case, is the nullity of the judgment of dismissal rendered below in the first suit, which demand could not and was not present in the first suit. C.C. Art. 2286. If plaintiff is successful in proving the nullity of the judgment of dismissal of the first suit, then there can be no res judicata because there will be no judgment in the first suit.
The Lower Court, therefore, was correct in overruling and dismissing the second exception of res judicata, however, we feel that the Lower Court was in error in limiting the scope of the pending action only to those allegations which are different and at odds with the allegations contained in the previous action.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to provide for the overruling and dismissal of the exceptions of res judi-cata without reservation. As so amended the said judgment will be affirmed. All costs of this appeal shall be paid by defendant.
Judgment amended and affirmed.