BAILES, Judge.
This matter is before us on a motion to dismiss this appeal. The ground urged for the dismissal is that “at the trial of this case on May 5, 1971, the Succession of George Darby, through Gilbert Darby and Mrs. Iona D. Bolds, codative testamentary executors has confessed judgment in the proceedings in the trial court and has voluntarily and unconditionally acquiesced in the judgment rendered against it, and therefore cannot take an appeal in this matter.”
The portion of the testimony of the succession representatives which, in the contention of the mover-appellee, Monroe Galloway supports his motion is the following:
“Q Mr. Darby, you are the testamentary executor of the succession of your father, George Darby?
“A Yes, sir.
“Q And in your capacity as testamentary executor you have filed a suit against Monroe Galloway?
“A Yes, sir.
“Q To foreclose on a second mortgage?
“A Yes, sir.
“Q And you are asking that there be a judgment against Mr. Galloway for the entire balance due on the second mortgage? You ask for judgment for the total amount at this time, is that correct ?
*344 “A No, sir.
“Q That is not correct ?
“A No, sir.
“MR. PHILLIPS:
“Your Honor, I am going to object to any testimony that conflicts with this judicial demand which was signed by Mr. Gilbert Darby himself?
“THE COURT:
“Objection is overruled. I don’t know what they are leading up to.
“BY MR. LEHMANN:
“Q Mr. Darby, is it your testimony that you do not desire to go through with this lawsuit?
“A No, sir.
“Q You do not desire to go through with this lawsuit?
“A No, sir.”
Mrs. Iona D. Bolds testimony is as follows, (Tr. p. 78):
“Q Do you, as dative testamentary co-executrix wish this foreclosure proceeding to continue against Mr. Galloway?
“A No. I don’t wish it to be proceeded against him but I am not willing for the succession to have to pay that fee.
“Q You are not willing for the succession to have to pay $4700 to Mr. Phillips ?
“A To Mr. Phillips.
“Q And did you agree to pay Mr. Phillips $4700?
“A No, I didn’t.”
The mover-appellee relies on the holding of the court in Ponder v. Pechon, La.App., 169 So.2d 671 (1964), to support his position. In this cited case, in dismissing the appeal, the court stated that the plaintiff-appellant, “ * * * in proper person moved the trial court to dismiss her suit with prejudice. In the absence of proof to the contrary it must be assumed she did so voluntarily, knowingly, intentionally and with full knowledge, understanding and cognizance of the effects thereof.”
Such is not the case before us. In the instant case, even though it may appear that the co-executors in reply to questions directed to each of them desired to discontinue the foreclosure proceedings instituted by them, in their representative capacity, against the defendant-appellee, we find no motion or formal proceeding by either of them to dismiss the action against the mortgagor.
LSA-C.C.P. art. 3198 provides:
“A succession representative may:
“(1) effect a compromise of an action or right of action by or against the succession; or
“(2) extend, renew, or in any manner modify the terms of any obligation owed by or to the succession.
“Any action taken under this article must be approved by the court after notice as provided by Article 3229.”
We find the co-executors had no authority to discontinue the foreclosure proceeding.
As an additional ground for dismissal of this appeal, the mover-appellee urges that the succession attorney was not a party to this proceeding in the trial court and is not a person who could have intervened in the trial court, therefore, he cannot appeal in this case.
In view of our conclusion that the motion for dismissal of this appeal cannot be sustained for the reasons assigned, we will not consider this additional ground.
The motion for the dismissal of this appeal is denied.
Motion denied.