BAILES, Judge.
Plaintiff, Robert Kirby Shirley, Jr., individually and as administrator of the estate of his minor son, Robert Kirby Shirley, III, brought this tort action against Howard S. Samsel and his personal liability insurer, Allstate Insurance Company, to recover both special and general damages incurred by plaintiff and his minor son as the result of the wrongful shooting of Robert Kirby Shirley, III.
In his original petition, plaintiff sued only the defendant Samsel. However, by supplemental and amended petition, plaintiff alleges alternatively that in the event defendant’s Howard S. Samsel’s act is not found to be deliberate, intentional and malicious, then the defendant’s act is one of negligence with liability coverage afforded under Allstate policy of insurance.
After trial, judgment was rendered in favor of plaintiff, individually for special damages in the sum of $2,179.00, and as administrator of the estate of his minor son, for general damages in the sum of $10,000.00, and for costs, against defendant, Howard S. Samsel. While no written reasons for judgment were assigned by the trial judge, it is apparent to us that judgment was rendered on the main demand because the suit on the alternative demand against defendant, Allstate Insurance Company was dismissed at plaintiff’s cost.
This devolutive appeal was taken by defendant, Howard S. Samsel.
Before this court only the defendants, Howard S. Samsel and Allstate Insurance Company, through respective counsel, have appeared. The plaintiff has made no appearance whatever.
In brief defendant, Samsel, states:
“Howard S. Samsel finds no fault with the court’s decision in favor of plaintiff and in fact admits that his actions constituted poor judgment and negligence under the law. Nor does Samsel argue the quantum award of the lower court and for these reasons counsel for the Shirleys will not participate in the appeal. Mr. Samsel has paid the judgment from his own pocket and now turns to his insurer for reimbursement.”
In view of the present posture of this case on this appeal, and the declaration and admission of the defendant, Howard S. Samsel, we are compelled to find and to hold that defendant Samsel, has acquiesced in the judgment from which this appeal was taken.
The statutory law and the jurisprudence is clear on this point.
Article 2085 C.C.P. states:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
See: Ponder v. Pechon, La.App., 169 So. 2d 671 (1964) and the cases cited therein.
We cannot in this case consider any dispute between defendants of whether Sam-sel is entitled to reimbursement from Allstate Insurance Company. No third party petition was filed by defendant, Samsel, against defendant, Allstate Insurance Company. The question of whether this shooting by Samsel of young Shirley was a deliberate or an intentional tort or an accidental or unintentional tort as it affects personal liability policy coverage as between Samsel, the insured, and Allstate Insurance Company, the insurer, is not an issue of the action brought by plaintiff against defendants.
For these reasons, this appeal must be and is hereby dismissed, at appellant’s cost.
Appeal dismissed.