370 So.2d 901 (1979)
Jefferson Davis WILLIAMS
v.
SENTRY INS. CO. et al.
No. 12599.
Court of Appeal of Louisiana, First Circuit.
April 16, 1979.
Rehearing Denied May 29, 1979.
Writ Refused July 3, 1979.
*902 Arthur Cobb, Baton Rouge, counsel for plaintiff-appellant, Jefferson Davis Williams.
Charles W. Wilson and David W. Robinson, Baton Rouge, counsel for defendant-appellee, Government Emp. Ins. Co.
Paul Marks, Jr., Baton Rouge, counsel for defendant-appellees, Sentry Ins. Co. and Mamie W. Scott.
Before ELLIS, LOTTINGER and BAILES, JJ.
ELLIS, Judge:
This is a suit by Jefferson Davis Williams for damages for personal injuries arising out of an automobile accident. The original defendants herein were Mamie W. Scott, driver of the other vehicle involved in the accident; Sentry Insurance A Mutual Company, her insurer; and Government Employees Insurance Company, plaintiff's uninsured motorist insurer. Plaintiff later dismissed his suit with prejudice as to defendant Scott, and the matter was heard as to the two insurance companies only.
Trial was had before a jury on the question of quantum only, the negligence and consequent liability of defendant Scott having been stipulated. A verdict for $10,000.00 was rendered in favor of plaintiff. Since this amount equalled Sentry's limits of liability, judgment was signed against Sentry only for $10,000.00, and the suit was dismissed as to GEICO. No judgment of dismissal as to Ms. Scott has been signed.
Thereafter, plaintiff took a devolutive appeal as to all issues. Sentry and Ms. Scott timely answered the appeal, asking that the judgment be modified by reducing the award to $5,000.00. Plaintiff has moved to dismiss the answer, and Sentry and Ms. Scott, in turn, have moved to dismiss plaintiff's appeal.
Plaintiff's motion is based on his allegation that Sentry had paid and satisfied the judgment in full on September 7, 1978, that the judgment had been cancelled, and that the only party defendant left in the case was GEICO. He alleges that he was only appealing the judgment as to GEICO.
The motion to dismiss plaintiff's appeal is based on his own admission that the judgment appealed from had been cancelled before the appeal was taken herein, and the proposition that, if a judgment is cancelled, there is nothing from which to take an appeal. Theriot v. Castle, 343 So.2d 399 (La.App. 3rd Cir. 1977).
In view of plaintiff's admission that he did not intend to appeal as to Sentry, the acquiescence of Sentry in the judgment, and the cancellation thereof as to Sentry, with the apparent blessing of plaintiff, we will grant the motions to dismiss both the appeal as to Sentry, and the answer thereto filed by Sentry. Defendant Scott is not a party to this appeal.
On the merits, plaintiff's sole assignment of error is that certain comments made to the jury during the opening statement by counsel for Sentry "were of such a nature that they went beyond the realm of proper argument and made it impossible for any jury to compensate plaintiff in an amount commensurate with the evidence of his damages. . . ." He asks only that the case be remanded for a new trial before "an impartial and objective jury."
We do not believe that plaintiff would be entitled to a remand for a new trial under any circumstances. In Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975) the Supreme Court made it clear that in cases in which an appellate court has all the facts before it, a trial judge's erroneous *903 instructions do not warrant a remand. It is the duty of the appellate court to decide the case on the record before it rather than to remand for a new trial. We think it evident that the same principle should apply in cases in which a jury might be unduly influenced by remarks of counsel.
The remarks to which plaintiff has taken exception are as follows:
"Ladies and Gentlemen, just bear in mind that all of you in some way are connected with insurance, you all pay premiums. Those of you who are employed, your employers pay premiums. Insurance companies, unlike what some people think, don't just pull money out of the sky. It's just a way of sharing the risk. When you pay money out, somebody has to pay that. It's not the government that pays it. It's not the City of Baton Rouge. It's the policy holders. You. You have an interest in various insurance companies. The insurance company that I represent, like State Farm, it is not owned by some people in New York. It's owned by the people who have policies.
"Mr. Cobb: Excuse me a minute, I hate to object, Your Honor, but I think I have to put an objection in the record, from the Revised Statutes 22:655, the direct action statute. I don't think all this is proper, to tell these people it's coming out of their own pocket. It is not.
"Mr. Marks: I have a right to explain how insurance companies work.
"Mr. Cobb: I ask that my objection be made general.
"The Court: I'm going to sustain the objection."
We note that plaintiff neither requested that the judge admonish the jury as to any impropriety nor asked for a mistrial.
Louisiana, unlike most states, has a direct action statute, which permits suits directly against an insurer. The trier of fact, be it judge or jury, is aware of the existence of the insurance policy, and of the policy limits available for the award. We think it obvious that the above remarks, which were made by counsel for Sentry, were designed to persuade the jury to bring in a lower award, just as the constant reminders to the jury by plaintiff's counsel of the policy limits of $60,000.00 were designed to obtain a higher award. We do not believe the jury was any more likely to have been swayed by the one than the other.
In any event, the trial judge's charge to the jury contained the following language:
"Before I tell you the law, however, let me make some general comments about your responsibility as jurors. You've been chosen from the community to make a collective determination of the facts in this case and what the community expects of you and what the court expects of you is the same thing that you would expect if you were a party to this lawsuit and that is an impartial deliberation and conclusion based upon all the evidence in the case. This means that you must deliberate on this case without regard to sympathy, prejudice, or passion for or against any party to the suit. It means that the case should be considered and decided as an action between two people of equal standing in this community. A corporation or an insurance company is entitled to the same fair trial at your hands as is a private individual. All persons stand equal before the law and are to be dealt with as equals in our courts."
We think this charge to the jury was correct and put its duty into proper perspective. On the record as a whole, we cannot find that the jury was unduly influenced by the above quoted remarks of Sentry's counsel.
Finally, we find from the record that the award made by the jury is well within the discretion accorded in such cases.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.