387 So.2d 1363 (1980)
SUCCESSION of Eugene J. MARCEL, Sr.
TUTORSHIP OF Rose Marie MARCEL, Mel Joseph Marcel and Eugene Joseph Marcel, Jr.
TUTORSHIP OF Mike Joseph MARCEL and Sheila Ann Marcel.
Nos. 13643 to 13645.
Court of Appeal of Louisiana, First Circuit.
July 25, 1980.
*1364 Eddie N. Pullaro, Houma, for minors and petitioners.
Gordon Hackman, Boutte, for Lorine Marcel.
John R. Walker, Houma, for minors, petitioners and Joseph Trahan.
Huntington Downer, Jr., Houma, for Rose Marie Marcel, Mel Joseph Marcel, Eugene Joseph Marcel, Jr., Mike Joseph Marcel & Sheila Ann Marcel.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Eddie N. Pullaro and Huntington B. Downer, Jr., attorneys-at-laws, seek dismissal of an appeal by Lorine Scott and Gordon Hackman, her attorney, from a trial court judgment fixing attorney fees, recognizing employment contracts, awarding expenses and ordering invested the remaining funds of the minors involved in the above consolidated cases. Dismissal is sought on the ground that the trial court judgment was by consent.
LSA-C.C.P. Art. 2085 provides that
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956). Acquiescence in a judgment is never presumed. The party alleging same must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Koerner & Lambert, A Professional Law Corp. v. Allstate Insurance Company, 363 So.2d 546 (La.App. 4th Cir. 1978). A party favored by judgment may accept the full amount thereof from the party cast or may even cause execution on the judgment without forfeiting his right of appeal because of acquiescence. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1st Cir. 1968). An attorney seeking fees who, under LSA-C.C.P. Art. 1091, could have intervened in the trial court proceedings, has the requisite standing to appeal, even if no other appeal has been taken. LSA-C.C.P. Art. 2086. Succession of Buvens, 373 So.2d 750 (La. App. 3rd Cir. 1979).
In the present case, a rule to show cause was fixed for trial on January 7, 1980. The *1365 concluding portion of this often rambling hearing went as follows:
"THE COURT:
Objection overruled. All right, what are your wishes, gentlemen?
MR. HACKMAN:
I would like to move, Your Honor, as I have earlier that whatever portion of the settlement proceeds that would not be taken out by attorneys fees be disbursed immediately to the clients and I would stipulate that there would be only one attorneys fee and would offer that Mr. Pullaro and Mr. Downer stipulate to the same thing. In addition to the attorneys fees there would be whatever expenses that have been incurred and the rest of that money it would seem to me if there is a dispute as to attorney's fees it is only as to one-third, and consequently, we should not hold out disbursement of the other funds to the client.
THE COURT:
We are going to get rid of this thing right now, gentlemen. This is it. We have held this young lady up. She needs her money. The children's fund should be in a banking institution receiving interest. I am ready to rule on this thing immediately.
Here is what I find would be an equitable distribution. First of all, I am going to recognize Mr. Hackman's entitlement to $1,000.00 paid out of the proceeds of the minors for that amount of work that he has done concerning tutorships and whatever else. Further, I will recognize Mr. Hackman's contract only as it is applicable to the funds of Lorine Scott. Then, I will recognize Mr. Pullaro's contract only insofar as it applies to the funds of the minors.
Prepare a judgment consistent with that, gentlemen. That is it.
MR. HACKMAN:
What is your practice here with disbursement of funds from the Registry of the Court? If I type up the judgment as I plan to do
THE COURT:
They will pay it out this afternoon as far as I (sic) concerned. Don't you agree?
MR. HACKMAN:
Is your typewriter available or do we have to use the typewriter in the Clerk's Office?
THE COURT:
Why don't you ask the Clerk because my secretary has five or six judgments being prepared. If you do that, Lorine can get her money this afternoon. I know she needs it. I know the attorney's don't need the money.
MR. HACKMAN:
What do we do about expenses, Judge?
THE COURT:
The costs are paid out of the estate.
MR. DOWNER:
We can do it that way.
THE COURT:
You mean cost of court.
MR. HACKMAN:
Hunt had $550, Mr. Pullaro had about $300.
MR. DOWNER:
The court costs were filed in the various suits. I don't know.
THE COURT:
They will be paid out of the proceeds. For example, I should think it would be a portion.
MR. PULLARO:
Well, Judge, I would think this (sic) since you have limited Mr. Hackman's fees strictly on Mrs. Scott, why wouldn't she pay Mr. Hackman's expenses and
THE COURT:
You pay the expenses of the children.
MR. DOWNER:
The expense of the children be against the children, and the expenses of Mrs. Scott against Mrs. Scott.

*1366 THE COURT:
Let's do that.
MR. HACKMAN:
If that is what you want the judgment to read, that is what I am going to do.
THE COURT:
That's a fair way to do it.
(Hearing concluded.)"
At a later date, the trial judge stated his belief that "if this wasn't a consent judgment, there isn't a cow in Texas." Nevertheless, we find no clear evidence that appellants acquiesced in the judgment. At the outset, Mr. Hackman noted a possible dispute over attorney fees. Then, when the trial judge stated what he was going to do, Mr. Hackman agreed to type the judgment. By any fair reading, such an agreement cannot be construed as an intentional waiver of the right of appeal, especially since Mr. Hackman, despite his earlier agreement to, neither typed nor signed the final judgment. The Lorine Scott may have picked up all of the funds from Mr. Downer is also not a sure sign of acquiescence. Glasper v. Wright Root Beer Co., supra.
Movers have failed to prove that the judgment appealed from was a consent judgment. The motion to dismiss is denied. All costs of this motion are to be paid by Eddie N. Pullaro and Huntington B. Downer, Jr.
MOTION TO DISMISS DENIED.