WATKINS, Judge.
This case involves a motion to dismiss filed by plaintiffs-appellees after defendant-appellant paid the amount of the judgment rendered against him.
Plaintiffs obtained a money judgment on July 17, 1981. Defendant moved for and was granted a suspensive appeal. However, no appeal bond was filed. The appeal thus was rendered devolutive. Succession of Buvens, 373 So.2d 750 (La.App.3d Cir. 1979); Cox v. Southern Colonial Investment, Inc., 393 So.2d 146 (La.App. 1st Cir. 1980).
The judgment amount was paid by defendant, as is stated in the joint affidavit of plaintiffs which is annexed to their motion to dismiss. The date the payment was made is not given in the affidavit. However, the affidavit recites the judgment was cancelled on January 14, 1982. The date of payment, we gather from the tenor of plaintiffs’ brief on motion to dismiss, was after the date the appeal order was signed.
LSA-C.C.P. art. 2085 reads as follows:
“An appeal cannot be. taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
Thus, a judgment is considered to have been acquiesced in if the acquiescence was voluntary and unconditional.
Appeals are favored in law, as we noted in Charles C. Cloy General Contractors, Inc. v. DiVincenti Brothers, Inc., 308 So.2d 493 (La.App. 1st Cir. 1974). In that case, we held that for a devolutive appeal to be dismissed for acquiescence by payment it must be shown that appellant manifested an intent to abandon the appeal. Further, burden to show intent to abandon rests upon the party alleging abandonment. If the rule were otherwise, the scheme of the devolutive appeal would be destroyed, as voluntary payment of a judgment, made pursuant to the nature of a devolutive appeal, could automatically cause the appeal to fail, even though there were no intention to abandon the appeal.
Here no intent of appellant to abandon the appeal has been shown. Thus, the appeal was not abandoned, there having been no voluntary acquiescence in the judgment of api>ellant.
MOTION TO DISMISS DENIED.