419 So.2d 1281 (1982)
Wilburn Troy STRICKLAND
v.
TESORO DRILLING COMPANY, et al.
No. 82 CM 0420.
Court of Appeal of Louisiana, First Circuit.
August 26, 1982.
Bradford R. Roberts, II, New Orleans, for plaintiff Wilburn Troy Strickland.
Ben Louis Day, Baton Rouge, for Tosoro Drilling Co. and Aetna C&S.
Donald Ensenat, New Orleans, for La. Land & Exploration and Nat. Union Fire Ins.
Lawrence F. Chisholm, New Orleans, for Fireman's Fund (intervenor).
*1282 Before LEAR, CARTER and LANIER, JJ.
LEAR, Judge.
Defendants, Tesoro Drilling Company and Aetna Casualty and Surety Company, moved to dismiss this unlodged appeal of plaintiff, Wilburn Troy Strickland, on the grounds that plaintiff allegedly acquiesced in the trial court's judgment. The relevant facts are as follows:
After a trial on the merits, the trial court issued a written opinion on January 29, 1982, rendering judgment in favor of plaintiff and against defendants in the sum of $272,214.16. On March 8, 1982, judgment was signed in accordance with the trial court's written opinion.
On May 13, 1982, plaintiff's attorney sent a letter addressed to the clerk of court informing the clerk that the judgment in the instant case had been paid and satisfied. The letter also authorized the clerk to cancel and erase the judgment from the mortgage records of the parish. The letter also stated, however, that plaintiff was not waiving his right of appeal and, in fact, a petition for devolutive appeal accompanied the letter. A copy of this May 13, 1982, letter is attached hereto as Appendix A. According to defendants' motion, the clerk did, in fact, cancel and erase the judgment from the public records. On May 19, 1982, the trial court granted plaintiff an order of devolutive appeal.
Article 2085 of the Code of Civil Procedure states:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
It is well settled that acquiescence should only be found in cases wherein the party seeking to appeal has clearly evidenced the intention to abandon that right. Associates Commercial Corporation v. Bayou Management, 415 So.2d 557 (La.App. 1st Cir. 1982); Succession of Marcel, 387 So.2d 1363 (La. App. 1st Cir. 1980). In Succession of Marcel, supra, this court aptly summarized the appropriate legal principles as follows at page 1364:
"Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956). Acquiescence in a judgment is never presumed. The party alleging same must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Koerner & Lambert, A Professional Law Corp. v. Allstate Company, 363 So.2d 546 (La.App. 4th Cir. 1978). A party favored by judgment may accept the full amount thereof from the party cast or may even cause execution on the judgment without forfeiting his right of appeal because of acquiescence. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1st Cir. 1968)."
Despite the heavy burden which defendants bear in the instant case, they still contend that the facts manifest that plaintiff did acquiesce in the judgment. In so contending, defendants rely on the cases of Theriot v. Castle, 343 So.2d 399 (La.App. 3rd Cir. 1977) and Ponder v. Pechon, 169 So.2d 671 (La.App. 1st Cir. 1964), which they assert hold that there can be no appeal from a cancelled judgment.
The Theriot case clearly does stand for the proposition which defendants assert. In that case, as in the present one, plaintiff had been awarded judgment and had acknowledged that the judgment had been paid and satisfied. Plaintiff in Theriot filed into the record a letter authorizing cancellation of the judgment. Two months later, plaintiff appealed the cancelled judgment. The appellate court, citing Ponder v. Pechon, supra, and article 2082 of the Code of Civil Procedure, held that there can be no appeal from a cancelled judgment.
*1283 Despite the broad holding in Theriot, there exists a factual distinction in the instant case which is of some consequence. In the instant case, the letter to the clerk specifically reserved to plaintiff his right of appeal and was accompanied by his petition for appeal. No such intention not to abandon the appeal was manifested in Theriot. In fact, Theriot distinguished the case of Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir. 1973), on the grounds that plaintiff's counsel had advised defendant's counsel that he might appeal.
The reliance of defendants and the court in Theriot on Ponder v. Pechon seems to be misplaced. Ponder involved plaintiff's appeal from a judgment of voluntary dismissal and did not in any way concern a cancelled judgment.
There is no evidence which clearly indicates that plaintiff intended to abandon his appeal. See Succession of Marcel, supra. In fact, the letter and the accompanying petition for appeal clearly evidence plaintiff's intent to appeal. Dressel v. Kidd, 413 So.2d 664 (La.App. 1st Cir. 1982).
We also note our decision in the case of Williams v. Sentry, 370 So.2d 901 (La.App. 1st Cir.), writ denied, 372 So.2d 1055 (La. 1979), which appears to adopt the holding in Theriot; i.e., that if a judgment has been cancelled, there is nothing from which to appeal. There is again, however, the distinction between the instant case and Williams, in that plaintiff herein expressed an intent to appeal, while plaintiff in Williams expressed the contrary intention.
We find that plaintiff's May 13th letter to the clerk of court authorized only the cancellation of the inscription of the judgment in the mortgage records and the judicial mortgage created by that inscription. We further find that plaintiff did not intend his letter to cancel the judgment itself. Where, however, a party authorizes the cancellation of the judgment itself, and the judgment is in fact cancelled, the judgment is thereby destroyed and that party then loses his right to appeal said judgment. La.C.C.P. art. 2082. A party will preserve his right to appeal if he only authorizes cancellation of the mortgage inscription and specifically reserves his right to appeal.
Under these circumstances, we find that plaintiff did not manifest an intention to abandon his appeal and, in fact, expressly reserved his right to appeal. His appeal should therefore be maintained.
For the foregoing reasons, defendants' motion to dismiss this appeal is hereby denied. The taxing of costs on appeal shall await the final determination of this appeal.
MOTION TO DISMISS APPEAL DENIED.