426 So.2d 231 (1983)
James Albert RAGLAND, et ux.
v.
Howard Preston VIATOR, II, et al.
No. 82 CA 0284.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
*232 Carolyn Pratt Perry, Baton Rouge, for plaintiffs-appellees James Albert Ragland and Loretta Lasseigne Ragland.
Carey J. Guglielmo, Baton Rouge, for Dugas Pest Control, defendant-appellee.
A. Michael Dufilho, A. Shelby Easterly, III, Baton Rouge, for defendants-appellants Howard Preston Viator, II and Marlaine Mundt Viator.
Dale M. Maas, Baton Rouge, for defendants-appellees Dugas Pest Control and Mut. Fire and Inland Marine.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
James and Loretta Ragland (the Raglands), vendees of a home, brought suit against Howard and Marlaine Viator (the Viators), vendors, for quanti minoris and damages on the grounds that the home was structurally defective due to powder post beetle infestation, roof leakage, and other specific defects, and that the Viators knew of these defects but failed to inform the Raglands thereof. Also named as defendants were Dugas Pest Control, Inc. (Dugas), *233 which inspected the home and issued a "termite certificate", and its insurer, Mutual Fire Marine and Inland Insurance Company (Mutual). The Viators answered the petition and filed a third party demand against Dugas for full indemnity or, in the alternative, for contribution. Both Dugas and Mutual answered the third party demand by the Viators. In that same pleading, Dugas assumed the position of a third party plaintiff against the Viators, but the prayer of that third party demand seeks judgment in favor of Dugas and Mutual against the Viators for full indemnity or, in the alternative, for contribution "of any sum for which DUGAS PEST CONTROL INC. and MUTUAL FIRE & INLAND MARINE may be cast in the main demand, plus reasonable attorney's fees and all costs of these proceedings." Dugas and Mutual answered the original petition by a separate pleading. A supplemental and amending third party demand against the Viators was filed in the name of Dugas and Mutual, but in that pleading only Dugas prayed that the amending and supplemental third party petition be filed. The pretrial order indicates that third party demands "have been filed by Dugas Pest Control, Inc. against Howard Preston Viator, II and Marlaine Mundt Viator and by Howard Preston Viator, II and Marlaine Mundt Viator against Dugas Pest Control, Inc."
The trial court rendered judgment in favor of the Raglands and against the Viators, Dugas and Mutual, in solido in the sum of $16,161.53 for the powder post beetle damage to the home. The trial court also rendered judgment in favor of the Raglands and against the Viators in the sum of $5,480.66, representing damages for the other defects in the home, and ordered the Viators to pay the Raglands a $2,000.00 attorney fee. The Viators, Dugas and Mutual were cast in solido for all costs. The trial court further ordered "that the third party demands of all defendants against each other be and are hereby dismissed;..."
The Viators took a devolutive appeal from the judgments against them in the trial court. The Raglands answered the appeal taken by the Viators and sought an increase in their awards for damages and for additional attorney fees.[1] After this appeal was lodged, the Raglands, the Viators and Mutual entered into a written compromise agreement. The Raglands compromised all of their claims against the Viators for $10,564.22. The Raglands compromised all of their claims against Mutual for $20,968.97. The Viators agreed to pay any outstanding court costs. The Raglands agreed to, and subsequently did, dismiss their answer to the appeal filed by the Viators. The Viators and Mutual specifically reserved any rights which they "may have against each other or any other party." In a separate provision, Mutual reserved "any rights it may have against all other defendants with whom they are solidarily cast, including Howard Preston Viator, II and Marlaine Mundt Viator, for indemnification and/or contribution, ..."[2]
Mutual has filed a motion to dismiss the appeal of the Viators alleging that the appeal is now moot because Mutual has paid the full amount of the solidary judgment rendered against itself, Dugas and the Viators, that the Viators have not made any payments on that judgment, and that, accordingly, the Viators have no right to indemnification and/or contribution. In connection with their appeal, the Viators asserted six specifications of error. The first five specifications pertained to the judgments against them in favor of the Raglands. The compromise agreement between the Raglands and the Viators authorized the cancellation of the judgments in favor *234 of the Raglands as being paid and satisfied in full. The Viators did not reserve the right to continue their appeal with reference to the judgments in favor of the Raglands. The Viators have thus acquiesced in those judgments and can no longer maintain the portions of their appeal pertaining to them. La.C.C.P. art. 2085; Williams v. Sentry Ins. Co., 370 So.2d 901 (La.App. 1st Cir.1979), writ denied 372 So.2d 1055 (La. 1979); Theriot v. Castle, 343 So.2d 399 (La. App. 3rd Cir.1977). That portion of the appeal of the Viators contesting the validity of the judgments by the Raglands against them is dismissed.
However, acquiescence in part of a judgment does not preclude an appeal as to other parts of such judgment. La.C.C.P. art. 2085. In the compromise agreement, the Viators specifically reserved any rights that they might have against any other party, which obviously included Mutual. The sixth specification of error urged by the Viators complains about the dismissal of their third party demand against Dugas and Mutual. Accordingly, that portion of the judgment has not been acquiesced in and is validly before this court on appeal. Strickland v. Tesoro Drilling Company, 419 So.2d 1281 (La.App. 1st Cir.1982), writ denied 423 So.2d 1162 (La.1982).
The trial judge correctly determined that the obligation by the Viators, Dugas and Mutual in favor of the Raglands was solidary. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). How the solidary obligation is divided among the debtors depends upon the nature of the obligation. La.C.C. art. 2103. The right to enforce contribution does not mature until there has been payment of the common obligation (or at least payment of more than the virile share). La.C.C. art. 2104; Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979); United States Fidelity and Guaranty Company v. Safeco Insurance Company of America, supra. However, procedurally a defendant who is sued on a solidary obligation may file a third party demand against a co-debtor to recognize his right to future enforcement of contribution, even though that right has not matured. La.C.C. art. 2103; La.C.C.P. art. 1111. The trial court committed error by dismissing the third party demand of the Viators and not recognizing their right to enforce contribution in the future should that right mature.
The joint stipulation of facts filed in this court by counsel for the parties shows that Mutual paid the Raglands $20,968.97 to compromise the judgment against it. The original judgment against the Viators, Dugas and Mutual was for $16,161.53. By our calculations, $3,277.97 in legal interest accrued on this judgment from the date of judicial demand to the date of settlement. La.C.C. art. 2924. The amount of court costs is not in the record. It thus appears that all, or almost all, of the judgment has been satisfied by Mutual. Any remaining balance is certainly less than the portion owed by the Viators. Thus, the right of the Viators to enforce contribution cannot mature because the common obligation has been paid by another. Accordingly, we dismiss the third party demand of the Viators as unenforceable.
APPEAL DISMISSED.
NOTES
[1] Dugas and Mutual did not appeal the judgments against them in favor of the Raglands or dismissing their third party demand against the Viators, nor did they answer the appeal.
[2] Although the compromise agreement did not release Dugas, since Dugas was solidarily bound with Mutual and the Viators, and because the Raglands did not reserve any rights against Dugas, Dugas was also released. United States Fidelity and Guaranty Company v. Safeco Insurance Company of America, 420 So.2d 484 (La.App. 1st Cir.1982).