COLE, Judge.
The issue in this motion to dismiss an unlodged appeal is whether or not the appellant has acquiesced in the judgment so as to preclude an appeal.
Plaintiff Michael Walton filed suit against Stone and Webster Engineering Corporation and Employers National Insurance Company seeking worker’s compensation benefits. On March 30, 1984 judgment was rendered in plaintiff’s favor awarding compensation benefits of $204 a week for eight weeks, plus $2,066.06 in medical benefits. Certain adjustments were made for sums owed to the intervenor-insurer, State Employees Group Benefits Program. The net amount awarded to plaintiff was $2,828.09, plus costs. On April 23, 1984 plaintiff executed an authentic “Act of Satisfaction and Cancellation of Judgment” wherein he stated he had received $2,828.09 in complete satisfaction of the judgment. In that document plaintiff ordered the Clerk of Court for East Baton Rouge parish to refrain from recording the judgment, or if the judgment had already been recorded, to cancel it. On May 18, 1984 plaintiff filed a motion for a devolutive appeal which was granted by the trial court on May 22, 1984. Defendants then filed this motion to dismiss, alleging plaintiff had acquiesced in the judgment and was therefore precluded from appealing, citing La.Code Civ.P. art. 2085.[1]
Appeals are favored in law and forfeiture of a party’s right to an appeal through acquiescence is never presumed. *1274 The intent to acquiesce must be shown by direct or circumstantial evidence. See Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir.1980). The various circuits have reached different conclusions as to exactly what is considered to be an acquiescence. After reviewing the various cases we conclude the appellant in the present case did in fact acquiesce in the judgment and is precluded from appealing.
In Ragland v. Viator, 426 So.2d 231 (La.App. 1st Cir.1983), defendant appealed and then entered into a compromise with plaintiff and a co-defendant which authorized cancellation of the judgments in favor of plaintiff. Defendant failed to reserve the right to appeal vis a vis plaintiff and was found to have acquiesced in the judgment.
In Associates Commercial v. Bayou Management, 415 So.2d 557 (La.App. 1st Cir.1982), plaintiff accepted a check from defendant in the amount of the judgment and then filed an appeal. The court refus.ed to find acquiescence and noted, “Only when appellant has accepted the sum tendered in full satisfaction of the judgment or full settlement of the dispute is there an acquiescence in the judgment.” (p. 559). In the present case the “Act of Satisfaction and Cancellation of Judgment” states clearly the judgment has been “fully paid and completely satisfied.”
In Strickland v. Tesoro Drilling Co., 419 So.2d 1281 (La.App. 1st Cir.1982), the appellant wrote a letter to the clerk of court stating the judgment had been paid and authorized cancellation. However, the appellant there clearly stated in the letter he was reserving his right to appeal. No acquiescence was found.
The case closest to the facts of the present one is Theriot v. Castle, 343 So.2d 399 (La.App. 3d Cir.1977). There the plaintiff accepted payment of the judgment and executed an act entitled “Satisfaction of Judgment.” The act acknowledged receipt of payment and ordered the clerk to cancel the judgment. The plaintiff then appealed. The court examined the prior jurisprudence, which required clear proof of the intent to acquiesce. The court noted in cases where the court refused to find acquiescence, none of the appellants had executed a “Satisfaction of Judgment” act. We agree this is a valid distinction.[2] (Also see Jack v. Lambert’s in Metairie, Inc., 348 So.2d 102 (La.App. 4th Cir.1977) for another decision holding that one who signed an act of satisfaction and authorized che clerk to issue a “certificate of satisfaction” had acquiesced in the judgment.)
For the foregoing reasons, we hold the appellant in this case, who accepted payment for the judgment, signed an act of satisfaction, ordered the clerk to cancel the judgment, failed to reserve his right to appeal, and thereafter took an appeal, has voluntarily acquiesced in the judgment so as to preclude his appeal under La.Code Civ.P. art. 2085.
APPEAL DISMISSED.

. Code of Civ.P. art. 2085:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."

. The exception to this rule is found in Strickland, supra, wherein the appellant had executed an act of satisfaction but explicitly reserved his right to appeal.