474 So.2d 20 (1985)
COLEMAN OLDSMOBILE, INC.
v.
Donald R. JOHNSON.
No. 84-CA-0813.
Court of Appeal of Louisiana, First Circuit.
June 13, 1985.
Luke A. Lavergne, Baton Rouge, for plaintiff-appellant Donald R. Johnson.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellee Coleman Oldsmobile.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*21 EDWARDS, Judge.
The issue in this Motion to Dismiss An Appeal is whether or not the appellant acquiesced in the judgment.
On June 29, 1982, Coleman Oldsmobile, Inc., sued Donald R. Johnson to recover money allegedly due for repairs made on Johnson's 1981 Toyota Cressida. To enforce its repairman's privilege under LSA-R.S. 9:4501, Coleman also obtained a writ of sequestration, seizing the automobile, effective July 1, 1982. On July 16, 1982, Johnson filed an exception of no cause of action as well as a motion seeking to dissolve the writ and award damages for the alleged wrongful seizure of his automobile. He filed an answer on August 16, denying liability and asserting various affirmative defenses, and a reconventional demand for his own damages, including those which he previously asserted by motion for the wrongful seizure of his car. On August 17, the defendant obtained a release of the car by furnishing a surety bond.
On August 23, 1982, after a hearing on the exception and the motion, the trial judge rendered and signed a judgment overruling the defendant's exception. The minutes reflect that he also denied the defendant's motion to dissolve the sequestration, thus denying his claim for damages and maintaining the plaintiff's writ, but did not render or sign a written judgment. The defendant filed a motion for a signed written judgment on the denial of his motion for dismissal on March 1, 1983, but the record does not reflect that any judgment has yet been signed.
Trial on the merits was held on February 28, 1984, and a jury returned a verdict in defendant's favor on the main demand and awarded him $1,221.68, plus interest and costs, on his reconventional demand. A judgment was rendered in conformity with the verdict and signed on March 7, 1984.
On March 29, 1984, the defendant sent a letter to the trial judge advising him that he intended to appeal certain rulings made during the course of litigation and requesting that the hearing on the rule to dissolve the writ of sequestration be transcribed. Subsequently, on April 10, 1984, the defendant executed an act of cancellation of judgment, which states that the judgment has been paid and fully and completely satisfied and authorized the clerk of court to record and index the act of cancellation "pursuant to the Provisions of Louisiana Civil Code Article 3385.1." The defendant sent the original of the act to the plaintiff's attorney with a letter, dated April 11, 1984, indicating that defendant intended to file an appeal on the court's denial of the motion to dissolve the sequestration. The defendant filed this appeal on May 4, 1984.
Coleman argues that by executing the act of cancellation and authorizing the clerk to cancel the judgment, the defendant acquiesced in the judgment under LSA-C. C.P. art. 2085, and that the appeal should therefore be dismissed. In the alternative, Coleman seeks to limit the issues on appeal to the denial of the defendant's motion to dissolve the writ.
Defendant denies that he acquiesced in the judgment. He contends that he preserved his right to appeal in the two letters which he sent to the trial judge and to the clerk of court. The defendant has also filed a motion to issue an order that the August 13 hearing on the defendant's motion to dissolve be transcribed.
Article 2085 of the Code of Civil Procedure states:
An appeal cannot be taken by a party who confessed judgment in the proceedings of the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The principles governing acquiescences are clear. Appeals are favored in law and forfeiture of the right to appeal through acquiescence is never presumed. Walton v. Stone and Webster Engineering Corp., 457 So.2d 1273 (La.App. 1st Cir.1984). The party alleging acquiescence must establish *22 by direct or circumstantial evidence that the party now appealing intended to acquiesce. Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir.1980). Acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Strickland v. Tesoro Drilling Co., 419 So.2d 1281 (La.App. 1st Cir.1982); Succession of Marcel, 387 So.2d 1363 (La. App. 1st Cir.1980). Acquiescence is not demonstrated by proof that a party favored by judgment accepts payment of the full amount from the party cast or causes execution on the judgment. Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir. 1980), Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1st Cir.1968).
In Strickland v. Tesoro Drilling Co., 419 So.2d 1281 (La.App. 1st Cir.1982), the appellant wrote a letter to the clerk of court stating that the judgment had been paid and satisfied and authorizing the clerk to cancel the judgment from the mortgage records. The letter also stated that the appellant was not waiving his right to appeal. This court held that because the appellant authorized cancellation of the judicial mortgage only, and not the judgment itself,[*] and specifically reserved his right to appeal in the letter, he did not acquiesce in the judgment.
In Walton v. Stone and Webster Engineering Corp., 457 So.2d 1273 (La.App. 1st Cir.1984), the plaintiff executed an authentic "Act of Satisfaction and Cancellation of Judgment," which acknowledged complete payment and satisfaction of the judgment and ordered the clerk of court either to refrain from recording the judgment in the mortgage records or to cancel it if already recorded. This court held that the plaintiff had acquiesced in the judgment because he accepted payment in complete satisfaction of the judgment and ordered cancellation of the judgment from the mortgage records without reserving his right to appeal.
Read together, Walton and Strickland hold that a party may execute an act of satisfaction and authorize cancellation of the mortgage inscription without forfeiting his right to appeal, provided he specifically reserves such right.
In the present case, the appellant, through his attorney, signed an "Act of Cancellation of Judgment and Judicial Mortgage" on April 10, 1984. This act contained the following statement:
[S]aid judgment has been fully paid or otherwise fully and completely satisfied and the Appearer(s) hereby authorize the Clerk of Court and Recorder of Mortgages in and for the Parish of East Baton Rouge, Louisiana, to record and index this act of cancellation pursuant to the provisions of Louisiana Civil Code Article 3385.1.
This document acknowledges satisfaction of the judgment and authorizes cancellation of the mortgage inscription as provided by Civil Code art. 3385.1. However, in the letters dated March 29, 1984, and April 11, 1984, Johnson clearly stated that he intended to file an appeal. By explicitly reserving his right to appeal, he has not acquiesced in the judgment. His appeal is maintained and Coleman's motion to dismiss the appeal is denied.
To facilitate the appeal, we shall grant appellant's motion, filed in response to this motion to dismiss, and order the August 13, 1982, hearing on appellant's motion be transcribed.
For the foregoing reasons, the motion to dismiss the appeal is denied. The taxing of *23 costs on appeal shall await final determination on the merits.
MOTION DENIED.
NOTES
[*] This court held that if a party authorizes a cancellation of the judgment, as distinguished from acknowledging a satisfaction of the judgment, then the judgment is destroyed, leaving nothing to appeal from. Williams v. Sentry, 370 So.2d 901 (La.App. 1st Cir.), writ denied 372 So.2d 1055 (La.1979), adopting the holding in Theriot v. Castle, 343 So.2d 399 (La.App. 3rd Cir.1977); see also Strickland v. Tesoro Drilling Company, 419 So.2d 1281, 1283 (La.App. 1st Cir.1982). We are not faced with a cancelled judgment in this case, however, because the act authorized only a cancellation of the mortgage inscription under Civil Code article 3385.1, thereby destroying only the judicial mortgage.