NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1216

ANTHEM BANK & TRUST, A FEDERAL SAVINGS BANK FORMERLY
KNOWN AS FIRST FINANCIAL BANK & TRUST COMPANY

VERSUS

SHAHRAM NICKROO AND MARY ANN HEARD NICKROO

Judgment Rendered: ___JUL 0 6 2020___

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket Number 147394

Honorable Robert H. Morrison, III, Judge Presiding

*************

David M. Cohn                    Counsel for Plaintiff/Appellant,
D. Brian Cohn                    Anthem Bank & Trust, A Federal Savings
Bartley P. Bourgeois             Bank, formerly known as First Financial
Allyson S. Jarreau               Bank & Trust Company
Baton Rouge, LA


Joseph Paul Rummage, Jr.         Counsel for Defendants/Appellees,
Denham Springs, LA               Shahram Nickroo and Mary Ann Heard
                                 Nickroo

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND THERIOT, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, Anthem Bank & Trust, a Federal Savings Bank, formerly known as First Financial Bank & Trust Company, ("the Bank") from a judgment of the district court denying the Bank's motion to set aside an order of dismissal and ordering the Bank to file a separate ordinary action for a deficiency judgment. For the reasons that follow, the judgment is reversed and this matter is remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 16, 2011, Shahram Nickroo executed a promissory note in the amount of $711,453.50 payable to the Bank in one principal payment of $711,453.50 due December 16, 2012, with regular monthly payments of accrued unpaid interest on the loan beginning January 1, 2012. The promissory note was secured by a collateral mortgage note executed by Shahram Nickroo and Mary Ann Heard Nickroo on August 7, 2008, in the amount of $1,500,000.00, affecting two tracts of property in Livingston Parish. The purpose of the collateral mortgage note was to secure loans or advances issued by the Bank to the Nickroos. Pursuant to a "Change in Terms Agreement" dated December 16, 2011, and executed by Shahram Nickroo on April 18, 2013, the maturity date of the loan was extended to December 12, 2013.

On January 13, 2015, the Bank filed a petition[1] and order for executory process, averring that the Nickroos defaulted on the loan in the amount of $711,424.18 in unpaid principal and $21,797.36 in unpaid interest, and requesting that an immediate writ of seizure and sale issue, directing the Sheriff of Livingston Parish to seize and sell the immovable property subject to the collateral mortgage

---

[1]The Bank subsequently amended its petition to properly reflect the Bank's name and to attach copies of the Certified Resolutions of the Board of Directors and Articles of Amendment of the Bank's charter.

2

note.[2] On January 15, 2015, the district court signed the order, granting executory process and ordering a writ of seizure and sale.

On July 13, 2015, the Nickroos filed a petition to enjoin foreclosure, alleging defects in the executory process. The district court denied the petition, noting that the "allegations do not preclude the Sheriff's Sale, but may be raised in defense should the creditor seek a deficiency judgment." On August 26, 2015, the Sheriff sold the immovable property subject to the collateral mortgage for $496,666.68. Three years later, on September 28, 2018, the Bank filed a second supplemental and amending petition, converting the matter to ordinary process and seeking a deficiency judgment for the balance owed by the Nickroos.[3]

The Nickroos responded by filing an ex parte motion for order of dismissal on the grounds of abandonment, averring that no discovery or other action had been taken by the parties in the litigation since the Bank filed an answer to the Nickroos' petition to enjoin foreclosure on September 21, 2015, until the Bank's filing of its second supplemental and amending petition on September 28, 2018, and thus, that the proceedings should be dismissed as abandoned, pursuant to LSA-C.C.P. art. 561, given that more than three years had elapsed with no timely "step" taken in the prosecution of the case. An ex parte order was signed by the district court on November 15, 2018, dismissing the proceeding, without prejudice, as abandoned.

The Bank filed an opposition to the petition for dismissal and a motion to set aside the ex parte order of dismissal, contending that a final judgment rendered pursuant to a completed executory process proceeding precludes application of the

---

[2]In its petition, the Bank also requested the appointment of an attorney as curator ad hoc to represent the Nickroos, who were residing in California.

[3]Louisiana Code of Civil Procedure article 2644 provides that a plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.

abandonment principles. Following a hearing, the district court signed a judgment on May 14, 2019, denying the Bank's motion to set aside the order of dismissal and ordering the Bank to file a separate ordinary action for any deficiency balance remaining after the sheriff's sale, despite the provisions of LSA-C.C.P. art. 2772.[4]

The Bank now appeals, contending that the district court erred in: (1) dismissing the lawsuit on the basis of abandonment; (2) "circumventing" the Bank's right to bring its claim for a deficiency judgment in the same lawsuit under LSA-C.C.P. art. 2772; and (3) improperly ordering the Bank to bring its claim for a deficiency judgment in a separate suit.[5]

## DISCUSSION

### Motion to Dismiss Appeal

As an initial matter, we note that the Nickroos filed with this court a motion to dismiss the Bank's appeal, contending that in filing a separate suit as ordered by the district court and availing itself of relief in accordance with the judgment, the Bank has acquiesced in the judgment on appeal, such that no justiciable controversy remains for resolution on this appeal.

Louisiana Code of Civil Procedure article 2085 provides that:

> [a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.

---

[4]Louisiana Code of Civil Procedure article 2772 provides that a creditor may obtain a deficiency judgment against the debtor either by converting the executory proceeding into an ordinary proceeding as provided in Article 2644, or by a separate suit.

[5]The denial of a motion to set aside a judgment is an interlocutory judgment akin to the denial of a motion for a new trial, which is generally not appealable absent a showing of irreparable harm. LSA-C.C.P. art. 2083; Chaney v. Department of Public Safety and Correctons (Office of Motor Vehicles), 2009-1543 (La. App. 1st Cir. 3/26/10, 36 So. 3d 328, 330, n.1, citing Morrison v. Dillard Department Stores, Inc., 99-2060 (La. App. 1st Cir. 9/22/00), 769 So. 2d 742, 744, writ denied, 2000-3379 (La. 2/2/01), 784 So. 2d 646. However, the supreme court has directed us to consider the denial of a motion for a new trial where it is clear that the appellant meant to appeal the merits of the case decided by an earlier final judgment. Chaney v. Department of Public Safety and Corrections (Office of Motor Vehicles), 36 So. 3d at 330, n.1.

The Nickroos specifically contend in their motion to dismiss that by instituting a new petition for a deficiency judgment in a separate, ordinary action, as directed by the district court in its May 14, 2019 judgment, the Bank has acquiesced in the judgment on appeal, and that the appeal should be dismissed as moot. In support, the Nickroos rely on attachments to their motion, which include, *inter alia*, copies of pleadings purportedly filed by the Bank in a separate suit below, a petition for deficiency judgment against Mr. Nickroo filed on June 3, 2019, a motion for preliminary default, and related filings, none of which are part of the appellate record in the instant case. However, attachments to a memorandum or motion do not form part of the record on appeal, and, thus, cannot be considered. See English Turn Property Owners Association v. Taranto, 2016-0319 (La. App. 4th Cir. 4/19/17), 219 So. 3d 381, 386, writ denied, 2017-1100 (La. 10/16/17), __ So. 3d __ (documents attached to a motion to dismiss appeal form no part of the record on appeal and cannot be considered).

The Bank concedes in its opposition that it initially did file a separate suit for a deficiency judgment, as ordered by the district court, but argues that this action in no way constitutes a **voluntary** and **unconditional** acquiescence of its rights to appeal, nor does any subsequent filing change the fact that its motion to set aside dismissal was improperly denied.[6] With regard to the record that is before us, the Bank contends that a real and ongoing dispute exists between the parties where: no settlement has been reached; it did not execute a satisfaction of judgment; it has not accepted any benefit of a judgment; and it did not waive its right to appeal. The Bank points out that there is nothing in the district court or appellate court record of these proceedings that evidences any intent by the Bank

---

[6]Even if we were able to consider documents or filings in a subsequent matter, the Bank noted without contradiction at oral argument that the referenced suit was subject to an exception of lis pendens or was not otherwise viable. Again, these arguments also refer to matters outside the appellate record.

5

to abandon its right to appeal, and that its dispute with the Nickroos is ripe and definitive and is properly before this court. We agree.

A party against whom a judgment was rendered is not entitled to appeal if he or she has "voluntarily and unconditionally acquiesced in a judgment rendered against him." LSA-C.C.P. art. 2085. However, appeals are favored in law and forfeiture of the right to appeal through acquiescence is never presumed. Coleman Oldsmobile, Inc. v. Johnson, 474 So. 2d 20, 21 (La. App. 1st Cir. 1985). Thus, the party alleging acquiescence must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Succession of Marcel, 387 So. 2d 1363, 1364 (La. App. 1st Cir. 1980). Acquiescence should be decreed only when the party's intention to abandon his right of appeal is clearly demonstrated. Coleman Oldsmobile, Inc. v. Johnson, 474 So. 2d at 22; see also Ourso v. Wal-Mart Stores, Inc., 2008-0780 (La. App. 1st Cir. 11/14/08), 998 So. 2d 295, 299, writ denied, 2008-2885 (La. 2/6/09), 999 So. 2d 785. The term "acquiescence" envisions voluntary execution of a judgment. See LSA-C.C.P. art. 2085, Official Revision Comments, Comment (d).

Such acquiescence must be voluntary, unconditional, complete, and coupled with the intention of abandoning the appeal. Acquiescence is never presumed and must be established by evidence which leaves no doubt regarding appellant's alleged acquiescence, considering that appeals are favored in law. Ponder v. Pechon, 169 So. 2d 671, 673 (La. App. 1st Cir. 1964), writ refused, 170 So. 2d 868 (La. 1965). A party favored by judgment may accept the full amount thereof from the party cast or may even cause execution on the judgment without forfeiting his right of appeal because of acquiescence. Succession of Marcel, 387 So. 2d at 1364.

On the record before us, we are unable to say that the Bank's filing of a petition when ordered to do so by the district court in an adverse judgment was

sufficient to establish a voluntary and unconditional acquiescence in the Bank's right to appeal the judgment giving rise to the filing of a separate suit. The Bank contends in its opposition that it filed the separate action because it was ordered to do so by the district court, which caused it to incur "increased costs" and resulted in "judicial inefficiencies." Moreover, the Bank contends that despite filing the separate suit, it never conceded that the district court was correct in finding that the Bank had abandoned its right to a deficiency judgment in the executory process action or in ruling that the Bank could not convert the executory process proceeding into an ordinary proceeding to pursue a deficiency judgment as specifically permitted by LSA-C.C.P. art. 2772. As the Bank notes, the instant appeal challenges these rulings of the district court.

To constitute acquiescence to defeat an appeal, an intention to accept the judgment *and* not to appeal must be shown. Ourso v. Wal-Mart Stores, Inc., 998 So. 2d at 299. Neither showing has been made herein. Because the Nickroos have failed to establish that the Bank intended to acquiesce or otherwise waive or abandon its right to assert these challenges on appeal, we will deny the motion to dismiss the appeal and will consider the issues before us on appeal by the Bank.

### Abandonment
### (Assignment of Error Number One)

In its first assignment of error, the Bank contends that the district court erred in refusing to set aside its order of dismissal, as the rules of abandonment do not apply in the instant case, where, as here, the executory proceeding was complete.

The concept of abandonment can apply to executory proceedings. Countrywide Home Loans, Inc. v. Estate of Rowe, 51,489 (La. App. 2nd Cir. 6/21/17), 224 So. 3d 1152, 1157. Thus, until there is a sale of the property, the abandonment articles continue to apply, and the executory process is not complete. See JP Morgan Chase Bank, N.A. v. Bickham, 2016-0946 (La. App. 1st Cir.

7

6/2/17) (unpublished); <u>Countrywide Home Loans, Inc. v. Estate of Rowe</u>, 224 So. 3d at 1157; and <u>Nationstar Mortgage, LLC v. Harris</u>, 2013-1335 (La. App. 4th Cir. 5/14/14), 141 So. 3d 829, 834-835. <u>See</u> also <u>Hibernia National Bank v. Aero-Mech, Inc.</u>, 50,608 (La. App. 2nd Cir. 8/3/16), 215 So. 3d 350 (creditor's efforts to enforce and/or satisfy a money judgment were not subject to LSA-C.C.P. art. 561 governing abandonment).

In the instant case, a writ of seizure and sale was ordered by the district court on January 15, 2015, and the property subject to the collateral mortgage was sold at sheriff's sale on August 25, 2015. Thus, at the time the Nickroos filed their ex parte motion for an order of dismissal on the grounds of abandonment on November 14, 2018, an order granting the executory process had been rendered such that the executory process was accomplished and complete, and the principles of abandonment no longer applied.[7] Accordingly, the district court erred in granting the ex parte order dismissing the proceeding as abandoned.[8]

---

[7]Once an executory proceeding is converted into an ordinary proceeding pursuant to LSA-C.C.P. arts. 2644 and 2772, the ordinary proceeding is considered a "new proceeding." As the supreme court explained in <u>First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc.</u>, 529 So. 2d 834, 841 (La. 1987) (on rehearing):

> When the property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La. C.Civ.P. art. 2771. However, the creditor can do so only by converting the executory proceeding into an ordinary one, or by instituting a new suit against the mortgagor. La. C.Civ.P. arts. 2644, 2772. **Under either method, the new proceeding is a personal action**, in which the defendant has all of the rights of a defendant in an ordinary proceeding, e.g. he must be subjected personally to the jurisdiction of the court and process must be served on him. The confession of judgment, having served its purpose in the executory proceeding, has become *functus officio*, and the mortgagee must prove the indebtedness asserted by the usual modes of proof. La. C.Civ.P. art. 2772. [Citations omitted] [Emphasis added].

[8]In addition to finding that the principles of abandonment no longer applied herein, we note that there is a five-year prescriptive period for purposes of pursuing a deficiency judgment, which period commences from the date of the sheriff's sale. <u>See</u> LSA-C.C. art. 3498 and <u>Dyck-O'Neal, Inc. v. Sands</u>, 98-3042 (La. App. 4th Cir. 8/18/99), 745 So. 2d 68, 70, <u>writ denied</u>, 99-3123 (La. 1/7/00), 752 So. 2d 871.

### Error in Ordering the Bank's Claim for
### Deficiency Judgment to be Asserted in a Separate Suit
### (Assignment of Error Numbers Two and Three)

In these related assignments of error, the Bank contends the district court erred in "circumventing" the Bank's right to seek a deficiency judgment in the same suit and further in ordering that the Bank assert its claim in a separate suit. After careful review, we agree. As noted above, LSA-C.C.P. art. 2772 specifically grants a creditor the right to obtain a deficiency judgment against a debtor by converting the executory proceeding into an ordinary proceeding as provided in LSA-C.C.P. art. 2644 **or** by filing a separate suit. Accordingly, the district court erred in concluding otherwise and in ordering the filing of a separate suit after finding the prior matter abandoned.

### CONCLUSION

For the above and foregoing reasons, the motion to dismiss filed by the Nickroos is hereby denied. Finding merit to the Bank's assignments of error, the May 14, 2019 judgment of the district court, denying the Bank's motion to set aside the district court's November 15, 2018 order of dismissal on grounds of abandonment and ordering that the Bank file a separate ordinary action for any deficiency balance due after the Sheriff's Sale of August 26, 2015, is hereby reversed and the matter is remanded to the district court for further proceedings. Costs of this appeal are assessed to the defendants/appellees, Shahram Nickroo and Mary Ann Heard Nickroo.

**MOTION TO DISMISS APPEAL DENIED; JUDGMENT REVERSED AND MATTER REMANDED.**