*895 ON MOTION TO DISMISS
SAMUEL, Chief Judge.
Plaintiff, a licensed realtor, instituted this suit against defendant property owners for a real estate commission allegedly due under two “exclusive right to sell” contracts.
The petition alleges: The contracts, each dated November 20, 1972, were to remain in full force and effect for a period of one month. One contract authorized a sale for $175,000, not including movables and equipment, and the other authorized a sale for $200,000, including movables and equipment. The contracts were renewed monthly through April 20, 1973 by payment each month of a $400 promissory note by plaintiff to the defendants. On April 20, 1973, the parties executed an agreement extending the contracts for an additional three months upon the payment of certain sums stipulated therein. The total consideration for all extensions amounted to $3,300.
The petition further alleges: On June 6, 1973 plaintiff obtained from Stevens & Associates, Inc. an option to purchase the property. The consideration for the option itself was $500 and it was exercisable through June 29, 1973 for the sale price of $185,000. That option was accepted by Christian C. Brucker, one of the defendants. On or about June 6, 1973, subsequent to the execution and acceptance of the above mentioned option, the Orleans Levee Board notified the defendants of its intention to expropriate the property for the purpose of constructing a setback levee and borrow pit, a need precipitated by a threatened break in the levee in close proximity to the property, for the sum of $185,000. The suit seeks the real estate commission allegedly due.
To the petition the defendants filed exceptions of no cause or right of action and an answer wherein they denied: (1) plaintiff had paid any money for the renewals; (2) an option to purchase had been executed timely; ' and (3) any sale had been effected which would entitle plaintiff to a commission. In addition, defendants reconvened for $2,000 allegedly due under the promissory notes and for interest and attorney’s fees.
Following trial, judgment was rendered in favor of plaintiff in the sum of $1,518.-22. The judgment ordered defendants to • return the promissory notes and an outstanding check. The award consisted of $500 based upon quantum meruit, and $1,118.22 for the return of cash and notes given by plaintiff to acquire and extend the exclusive listing agreements. The re-conventional demand was dismissed.
The judgment was rendered on January 27, 1975 and on March 18, 1975 plaintiff issued a writ of fieri facias, resulting in the civil sheriff seizing certain other property belonging to defendants. It is conceded that after the seizure defendants paid plaintiff the full amount of the judgment. On April 9, 1975 plaintiff filed this appeal and subsequently defendants filed this motion to dismiss.
Defendants rely on Code of Civil Procedure Article 2085 which provides in pertinent part:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” (emphasis ours).
Defendants concede the judgment in the instant matter is in favor of the plaintiff-appellant. However, they contend the judgment is in his favor only to the extent that it is based upon quantum meruit (which plaintiff did not seek, even alternatively) and is against him in all other respects, particularly as to his claim for a commission based on contract. Thus, they assert, when plaintiff-appellant executed on the judgment based on quantum meruit he acquiesced in that judgment and aban *896 doned his right to appeal from a claim based upon contract. We reject this theory.
Regardless of other considerations, the judgment here appealed from was not rendered against the plaintiff-appellant; it was rendered in his favor. Under these circumstances, the above quoted portion of Code of Civil Procedure Article 2085 is inapplicable. Our settled jurisprudence is that one in whose favor a judgment is rendered may accept the full amount thereof from the party cast, or even cause execution to issue on the judgment, without forfeiting his right of appeal because of acquiescence.[1]
For the reasons assigned, the motion to dismiss the appeal is denied.

Motion to dismiss denied.

. Glasper v. Wright Root Beer Co., La.App., 216 So.2d 586, and cases cited therein.