MORIAL, Judge.
This case is before us on defendants’ motion to dismiss the appeal.
Plaintiff filed this suit in which she prayed for judgment against the defendants individually and insólido in the full sum of $52,500.00 together with interest and for all costs. In accordance with a jury verdict the district court entered judgment in favor of the plaintiff on November 12, 1974 in the amount of $3,500.00 plus interest and costs. On January 29, 1975 plaintiff was granted a devolutive appeal. Thereafter, on February 21, 1975, counsel for plaintiff addressed to defendants’ counsel a letter in which was enclosed a statement of the amount due according to the judgment of November 12, 1974. This letter further stated:
“Since our client has filed a devolutive appeal we would appreciate your conferring with your clients to assure that no payment is tendered so as to prejudice her rights under the appeal.”
On March 24, 1975 defendants paid plaintiff the sum of $4,735.00 to satisfy the judgment for which plaintiff gave her receipt which provided in part that she was “ * * * reserving all rights under the appeal * *
Defendants contend in their motion to dismiss that since the plaintiff acquiesced in payment of the quantum award all she can appeal from now is the judgment already in her favor from which she has no right of appeal. As authority defendants cite LSA-C.C.P. Article 2085, which provides :
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.”
The judgment appealed was not rendered against the plaintiff-appellant; it was rendered in her favor. Further, upon acceptance of payment of the judgment, plaintiff specifically reserved her rights under her appeal. It thus becomes apparent that plaintiff did not intend to acquiesce in the judgment rendered in her favor. It is settled that one in whose favor a judgment is rendered may accept the full amount thereof from the party cast, or even cause execution to issue on the judgment without forfeiting his right to appeal because of acquiescence.[1]
Motion to dismiss denied.

. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1 Cir. 1968) and cases cited therein.