343 So.2d 399 (1977)
Verjie Wheat THERIOT, Individually, etc., Plaintiff-Appellant,
v.
Robert CASTLE et al., Defendants-Appellees.
No. 5762.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Reuven N. Rougeau, Lake Charles, for plaintiff-appellant.
Woodley, Fenet & Ranier by Drew Ranier, Lake Charles, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
*400 WATSON, Judge.
Plaintiff has appealed, principally contending that the quantum of damages awarded by a jury is insufficient, and defendants have answered the appeal. However, a motion to dismiss has been filed by defendants which is dispositive of the appeal.

MOTION TO DISMISS
Defendants herein, Robert Castle, and his insurer, The Travelers Insurance Company, have filed a motion to dismiss the appeal on the basis that plaintiff, Verjie Wheat Theriot, individually, and on behalf of Terry E. Theriot and Ann and Bobby Wheat, has voluntarily and unconditionally acquiesced in the trial court judgment and therefore is not entitled to appeal under the provisions of LSA-C.C.P. art. 2085:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
A motion to remand the appeal on the same ground is also before the court.
An authentic instrument executed by plaintiff and entitled "Satisfaction of Judgment", which acknowledges receipt of $15,469.88 in payment of the judgment rendered, was filed into evidence March 26, 1976. It also recites:
"That the Clerk of Court in and for Calcasieu Parish, Louisiana, is hereby authorized to file this instrument in the above styled suit record and to erase and cancel said judgment as having been fuly [sic] paid and satisfied." (TR. 80)
Plaintiff's motion for appeal was made on May 27, 1976, some two months following the filing of this document.
Generally, a party may accept payment of a judgment without acquiescing in it unconditionally and forfeiting the right of appeal under LSA-C.C.P. art. 2085. Several cases standing for this proposition are distinguishable on their facts from the instant situation. In Jackson v. Ed's Cab Company, 323 So.2d 874 (La.App. 4 Cir. 1975), there was specific reservation of the right to appeal and the devolutive appeal was granted prior to payment of the judgment. Charles C. Cloy Gen. Con., Inc. v. DiVincenti Bros., Inc., 308 So.2d 493 (La. App. 1 Cir. 1974) is a case where a motion for appeal had been made, and an appeal bond posted prior to payment of the judgment. First Nat. Bk., Jefferson Par. v. Louisiana Pur. Corp., 328 So.2d 727 (La. App. 4 Cir. 1976) holds that verbal notice of intention to appeal is sufficient to show non-acquiescence in a judgment even when payment is made. Major v. Louisiana Department of Highways, 327 So.2d 515 (La. App. 1 Cir. 1976) states that acquiescence in a judgment is never presumed and must be established by evidence which leaves no doubt of the required intent. In Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1 Cir. 1973) writ denied La., 279 So.2d 206, it was stipulated that plaintiff's counsel advised defendant's counsel plaintiff might appeal.
The Satisfaction of Judgment herein not only acknowledges payment but specifically authorizes cancellation and erasure of the trial court judgment. The latter feature is not found in any of the cases cited above.
In the instant case, as in Lambert v. Brucker, 323 So.2d 894 (La.App. 4 Cir. 1975), the judgment was in favor of, rather than against, plaintiff-appellant. However, no appeal can be taken from a cancelled and erased judgment. Ponder v. Pechon, 169 So.2d 671 (La.App. 1 Cir. 1964), writ application not considered 247 La. 353, 170 So.2d 868. The Code of Civil Procedure defines appeal as follows:
"Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." LSA-C.C.P. art. 2082.
*401 Plaintiff has no right of appeal from a judgment which has been cancelled and erased, and the appeal is therefore dismissed at plaintiff's cost.
APPEAL DISMISSED.