348 So.2d 102 (1977)
Haywood JACK
v.
LAMBERT'S IN METAIRIE, INC., Precision Motors, Inc. and Allstate Insurance Company.
No. 8785.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
*103 Murphy & Simon, E. Kelleher Simon, New Orleans, for mover.
Before SAMUEL, REDMANN and BOUTALL, JJ.
SAMUEL, Judge.
This matter is before us solely on a motion to dismiss the appeal taken by the plaintiff insofar as that appeal affects the mover-defendant-appellee, Allstate Insurance Company.
From our examination of the motion and attachments thereto (memorandum in support of the motion, copy of a letter written by the attorney for mover to the attorney for the plaintiff and copy of a satisfaction of judgment signed by the plaintiff and witnessed, apparently, by his attorney) and of the record,[1] we find the following facts:
The judgment appealed from, which was signed on February 7, 1977, casts Allstate in the amount of $2,316.07, together with legal interest from date of judicial demand, and for court costs. The judgment also dismisses plaintiff's demands against the two other defendants. On March 4, 1977 counsel for Allstate wrote plaintiff's counsel enclosing an original and copies of a satisfaction of judgment and also enclosing Allstate's draft payable to plaintiff and his counsel in the amount of $2,316.07, the full amount of the judgment against Allstate, and another check payable to the same payees in the sum of $178.46 covering court costs and interest due under the judgment. Both the draft and the check were negotiated and the satisfaction of judgment was signed by the plaintiff on March 9, 1977 and returned to counsel for Allstate. In the satisfaction of judgment signed by the plaintiff, he acknowledged receipt of full payment and satisfaction by Allstate of the February 7, 1977 judgment and he authorized his attorney to mark the docket "judgment paid docket satisfied" and further authorized the clerk of the district court to issue a certificate of satisfaction of that judgment. Despite these facts, as of May 12, 1977, the day on which the motion to dismiss was filed in this court, plaintiff's counsel had not marked the docket satisfied and the appeal was taken as to all defendants on April 6, 1977.
Under these facts it is clear that, insofar as mover is concerned, the judgment appealed from has been paid and settled in full and that the plaintiff-appellant has voluntarily and unconditionally acquiesced in the judgment and in its payment and settlement. Thus, plaintiff has no right of appeal from that part of the judgment which casts Allstate.[2]
For the reasons assigned, the motion to dismiss the appeal is maintained and the appeal as to Allstate Insurance Company is dismissed at plaintiff-appellant's costs.
MOTION MAINTAINED; APPEAL DISMISSED.
REDMANN, J., dissented with written reasons.
REDMANN, Judge, dissenting.
"[A]cquiescence in part of a divisible judgment or in a favorable part of an indivisible *104 judgment does not preclude an appeal as to other parts of such judgment." C.C.P. 2085.
NOTES
[1] We have received no opposition or response of any kind to the motion to dismiss from counsel for the plaintiff-appellant.
[2] LSA-C.C.P. Art. 2085; Theriot v. Castle, La. App., 343 So.2d 399.