LABORDE, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Herman Stanford, moves to dismiss a part of the appeal of St. Paul Fire and Marine Insurance Company on the grounds that the appellants have voluntarily and unconditionally acquiesced in that part of the judgment thereby abandoning their right of appeal as to that part.
On 12 June 1981, the jury returned a verdict in favor of the appellee and against the appellant in the amount of $275,000. The issue of penalties and attorney’s fees was tried separately by the trial court on 17 July 1981 and a judgment on both issues was signed on 24 May 1982.
On 15 July 1981, before the signing of the judgment and before the issue of penalties and attorney’s fees had been decided, the appellant issued a check to the appellee and his attorney in the amount of $318,868.00. On the same day the appellant filed a motion into the record which recited that the payment of $318,868.00 was in payment of the “Judgment of the jury plus all interest.” The check was negotiated immediately and the funds were given to the appellee.
On 24 May 1982, the judgment which was prepared by the counsel for the appellant, was signed by the trial judge. The judgment provides that the payment of $318,-868.00 had been forwarded to the appellee in payment of the jury award plus interest from the date of judicial demand.
The first specification of error alleged by the appellant in its appeal states:
“That the interest on the principal amount of the Judgment ($268,000.00) should not run from the date of the judicial demand but from the date of the signing of the judgment, May 24, 1982.”
The appellee has filed this motion to dismiss on the grounds that the appellant, by paying the appellee the amount of the jury award plus legal interest, voluntarily acquiesced in that part of the judgment which awarded interest on the jury award from the date of judicial demand.
Article 2085 of the Code of Civil Procedure provides:
Art. 2085. Limitations on appeals
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
Source: C.P. Art. 567.
The jurisprudence is clear that a party who pays a judgment without reser *402 vation of the right to appeal is considered to have voluntarily acquiesced in the judgment paid. See Adolph v. Sewerage and Water Bd. Pension Committee, 202 So.2d 664 (4th Cir., 1967) and Voorhies Electrical Contract, Inc. v. Town of Bunkie, 136 So.2d 141 (3rd Cir.1961).
The evidence shows that the appellant voluntarily paid the judgment plus legal interest without reserving its right to appeal the issue of the legal interest. The payment without reservation precludes the appellant from appealing the amount of legal interest.
For the reasons assigned, the Motion is granted and the appeal is partially dismissed at appellant’s cost.
MOTION GRANTED.