AUGUSTINE, Judge.
By formal motion to this court, Victoria P. Hansen and Bonaparte’s Retreat Inc. seek dismissal of an appeal filed against them by James L. Jeffers, Jr. The specific allegation is that appellant Jeffers waived his right of appeal by accepting from mov-ants the sum of $3,096.48 in satisfaction of judgment rendered by the trial court. We remanded the case for an evidentiary hearing to determine the circumstances under which appellant accepted payment, and whether appellant evinced an intent to abandon his appeal.
The trial court found that on December 27, 1982, appellant Jeffers telephoned Mr. James P. Screen, attorney for the appellees, and requested delivery of the money awarded to him by a trial court judgment of February 28, 1980. Later, when Jeffers arrived at Screen’s office to receive the money, the attorney asked him whether he was still represented by an attorney in the appeal now under consideration. Jeffers answered that he was not, whereupon Screen presented the requested checks and asked Jeffers to sign a motion to dismiss this appeal. Appellant refused to sign the dismissal, explaining in testimony at the evidentiary hearing that he tendered the dismissal back to Screen, saying that he “wasn’t going to sign (his) rights away”. Shortly afterward, Screen handed Jeffers photostatic copies of the trial court’s judgments of February 25, 1980 and February 28, 1980 (which amended the first). Upon these judgments were written: “Judgment Satisfied. Checks Received”. Jeffers signed the documents and left Screen’s office with the checks.
Screen had explained to Jeffers that acceptance of the checks would amount to a “satisfaction of judgment.” The full signif *826 icance of that phrase, however, was not brought home to Jeffers, either by Screen or by another attorney who witnessed Jef-fers’ signing of the papers. Jeffers testified at the hearing that he did not know that by accepting the checks and signing the satisfaction of judgment, he would thereby abandon his appeal.
Article 2085 of the Louisiana Code of Civil Procedure provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” (Emphasis added).
With respect to the above article, we think it is important to note that, although the trial court rejected the plaintiff’s claim for damage arising from the defendants’ alleged trespass and wrongful eviction, the court nevertheless granted plaintiff recovery of certain monies deposited with the defendants in connection with a contract for employment.[1] Thus, it cannot be said that judgment was rendered wholly against the plaintiff. In such instances, it has been held that where a plaintiff is awarded judgment of money in an amount less than the sum originally prayed for, his acceptance of the full amount of the judgment from the party cast does not necessarily imply acquiescence in that part of the judgment which rejects the balance of the sum sued for. Glasper v. Wright Root Beer Co., Inc. 216 So.2d 586 (La.App. 1st Cir.1968); Foster & Glassel Co. v. Harrison, 173 La. 550, 138 So. 99 (1931); Succ. of Franz, 238 La. 608, 116 So.2d 267 (1959).
Moreover, appeals are favored in law. Acquiescence in a judgment is never presumed, and a motion to dismiss an appeal on these grounds can succeed only when the movant clearly demonstrates that the appellant intended to abandon litigation. Koerner & Lambert v. Allstate Insurance Co., 363 So.2d 546 (La.App. 4th Cir.1978); Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956).
The trial court found that Jeffers clearly did not intend to dismiss his appeal by signing the satisfaction of judgment and by accepting the tendered checks. With that finding we cannot argue. In light of plaintiff’s express refusal to sign the motion to dismiss only moments before, his testimony that he did not understand the legal implication of the words “judgment satisfied” must be accorded special Credibility-
Considering the foregoing, the appellee’s motion to dismiss the appeal is hereby denied.
MOTION DENIED.

. Plaintiff-appellant is a former manager of the New Orleans bar known as Bonaparte’s Retreat, which is operated by the defendant-ap-pellee Bonaparte’s Retreat, Inc. Defendant-ap-pellee Victoria P. Hansen is the corporation’s secretary-treasurer.
Plaintiffs suit arose out of Hansen’s seizing the bar and locking its doors to prevent continued management by Jeffers. It was Jeffers’ contention at trial, and now on appeal, that his contract for employment as manager of Bonaparte’s was in reality a lease of the premises occupied by the bar, and that Hansen’s seizure of the business therefore constituted trespass and wrongful eviction. The trial court awarded Jeffers the sum of $2,642.20, which represents the amounts plaintiff deposited with the defendant corporation pursuant to his managerial contract. Although the trial judge did not assign reasons for judgment, it is apparent to us that he rejected Jeffers’ claims of trespass and eviction, finding no lease, and that Jeffers’ recovery of the deposit money was allowed in order to return the parties to the positions they held prior to the making of their contract.