REDMANN, Chief Judge.
Defendants move dismissal of plaintiffs’ appeal on quantum from a judgment in plaintiffs’ favor. Defendants argue that La.C.C.P. 2085 disallows plaintiffs’ appeal because by a party “who voluntarily and unconditionally acquiesced in a judgment rendered against him_”
Plaintiffs’ lawyer accepted payment for his clients, and gave a receipt acknowledging “satisfaction of the judgment ..., and ... certifypng] that the court’s docket should be and it hereby is marked ‘satisfied.’ ” A few days thereafter, as their lawyer’s letter calculating the amount of that payment had stated they would, plaintiffs took this appeal seeking an increase in quantum.
We conclude that C.C.P. 2085 does not disallow appeal under these circumstances. Art. 2085 only precludes appeal by one who acquiesces in a judgment “against him”, and adds that “acquiescence ... in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.” Jackson v. Ed’s Cab Company, 323 So.2d 874 (La.App. 4 Cir.1975), and Jeffers v. Hansen, 440 So.2d 825 (La.App. 4 Cir.1983), both emphasize that, under Art. 2085, it is only a party who acquiesces in a judgment “against him” who cannot appeal that judgment. Those cases add that one who accepts payment of or even executes upon a money judgment does not thereby acquiesce in any part of a judgment “against him,” but only in the judgment insofar as it is in his favor.
Notice of continuing intent to appeal makes it clear that one who accepts payment does not acquiesce in the money judg *1211 ment in his or her favor insofar as it denied a larger award and was in that sense alone “against him.” Such notice is present here, as it was in Jackson and Jeffers, which therefore control this case. No such notice was present in Jack v. Lambert’s in Metairie, Inc., 348 So.2d 102 (La.App. 4 Cir.1977), on which defendants rely. Whatever the merit of Jack otherwise, it does not constitute controlling precedent for this case.
Motion to dismiss denied.