WALTZER, Judge,
concurring with reasons.
I concur in the result, but wish to point out that appeals are favored in law. Acquiescence in a judgment is never presumed, and a motion to dismiss can succeed only when the movant clearly demonstrates that the appellant intended to abandon the litigation. Jeffers v. Hansen, 440 So.2d 825 (La.App. 4 Cir.1983). Furthermore, pay-'' ment of a judgment, even without express reservation of the right to appeal, does not necessarily constitute voluntary, unconditional acquiescence which forfeits the party’s right to appeal. Koerner & Lambert v. Allstate Insurance Co., 363 So.2d 546 (La.App. 4th Cir.1978). At no time did the testimony at the hearing reveal clearly and without doubt that plaintiff’s attorney expressed an intention to accept the check in settlement of the entire case and was thereby renouncing his right to appeal; all conversations between the various parties are ambiguous and subject to interpretation and misinterpretation. Indeed, to read the transcript of the September 18th hearing is a fascinating exercise in the misunderstandings which can arise despite the parties’ agreement on the general facts of the occurrences, themselves.
Nevertheless, the hearing officer resolved the credibility issue in favor of the insurance adjuster, and when the issue is credibility, absent manifest error, the opinion of the trier of fact prevails. For this *882 reason I concur in the decision that the judgment of the lower court should be affirmed.