671 So.2d 1127 (1996)
Leah B. VINCENT, et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Defendants-Appellees.
No. 95-1538.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1128 James Paul Lambert, Lafayette, for Leah B. Vincent et al.
John Erwin Demoruelle, Kinder, for State Farm Mutual Automobile Insurance Co., et al.
Before YELVERTON, COOKS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal lodged by the plaintiff, Leah B. Vincent, seeking to increase a trial court award of both general and special damages. The defendant State Farm Mutual Automobile Insurance Company filed a motion to dismiss this appeal alleging that Vincent acquiesced in the judgment and therefore has forfeited her right to appeal.

FACTS
Leah Vincent was involved in an automobile accident on December 18, 1988. For a number of years Vincent has had a degenerative disease of the back known as spinal stenosis. This condition was rendered symptomatic as a result of the accident. It is recommended that Vincent undergo a surgical procedure known as decompression of the stenosis which would release the nerve entrapment and reduce or eliminate her pain. Vincent filed suit seeking compensation for her injuries.
The trial court entered judgment on April 21, 1993, but granted a new trial on the issue of quantum because Vincent, who is 71 years of age, was forced to represent herself at the first trial because she had fired her attorney. After the new trial, where Vincent was represented by counsel, the trial court rendered judgment granting Vincent $55,000 in general damages, $8,608.14 in accrued medical expenses, and $10,000 in future medical expenses. Thus, Vincent's total judgment was $73,608.14, and after calculation of legal interest, she was actually paid $110,177.25.
On June 9, 1995, Leah Vincent signed a "Satisfaction of Judgment" which read as follows:
... Leah B. Vincent, who declared that she does, by these presents, authorize, empower and direct the Recorder of Mortgages for the Parish of Allen, State of Louisiana, to erase and cancel from the records of his office, the inscription against STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DORIS B. FRENCH, a judgment signed by the Honorable Judge of the 33rd Judicial District Court on the 17th day of May, 1995, in the above entitled and numbered proceeding in the amount of SEVENTY-THREE THOUSAND SIX HUNDRED EIGHT AND 14/100 (73,608.14) DOLLARS all with legal interest as provided in the judgment in favor of LEAH B. VINCENT recorded in Mortgage Book 213 under file number 376,570, records of Allen *1129 Parish, Louisiana, as said Judgment has been paid and satisfied.
The said appearer further declares that she has not disposed of or transferred the said judgment; that she is still the bona fide owner thereof and has the right of effecting cancellation thereof.
LEAH V. VINCENT further acknowledges that she has been paid and the judgment has been satisfied and she authorizes and directs the Court to erase and cancel the judgment so inscribed.
LEAH B. VINCENT also states that she has filed a Motion for Devolutive Appeal appealing this Judgment. Nothing herein in any way affects the devolutive appeal of this Judgment tkaen [sic] by LEAH VINCENT...
On June 8, 1995, prior to entering the "Satisfaction of Judgment", Vincent submitted a motion for devolutive appeal which was granted and filed on June 12, 1995. The "Satisfaction of Judgment" was filed on June 13, 1995. Based on this "Satisfaction of Judgment", State Farm filed a motion to dismiss Vincent's appeal.

MOTION TO DISMISS
Article 2085 of the Code of Civil Procedure provides that a party who voluntarily and unconditionally acquiesces in a judgment rendered against him may not take an appeal. State Farm argues that by entering into the "Satisfaction of Judgment" quoted above, Vincent has forfeited her right to appeal. In addition, State Farm argues that because the "Satisfaction of Judgment" includes a paragraph ordering the court to cancel the judgment, Vincent is precluded from appealing by our holding in Theriot v. Castle, 343 So.2d 399 (La.App. 3 Cir.1977). We disagree.
Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956). Acquiescence in judgment is never presumed and must be established by evidence that leaves no doubt of the required intent. Major v. Louisiana Department of Highways, 327 So.2d 515 (La. App. 1 Cir.1976). A party favored by a judgment is entitled to accept full payment from the party cast or may even cause execution of the judgment without forfeiting his right of appeal because of acquiescence. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1 Cir.1968). The party alleging acquiescence must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Koerner & Lambert, A Professional Law Corp. v. Allstate Ins. Company, 363 So.2d 546 (La.App. 4 Cir.1978).
Despite the heavy burden which defendant bears in the instant case, they still contend that the facts manifest that plaintiff did acquiesce in the judgment. In so contending, defendants rely on Theriot, 343 So.2d 399, which holds that there can be no appeal from a canceled judgment.
In Theriot, as in the present case, plaintiff had been awarded judgment and had acknowledged that the judgment had been paid and satisfied. Plaintiff in Theriot filed into the record a letter authorizing cancellation of the judgment. Two months later, plaintiff appealed the canceled judgment. This court held that there can be no appeal from a canceled judgment.
Despite the broad holding in Theriot, there exist several factual distinctions of consequence in the present case. In this case, unlike Theriot, the document filed contained an explicit notice that the plaintiff intended to appeal and was not waiving that right. Furthermore, in the present case, the appeal was submitted to the court before the "Satisfaction of Judgment" was executed and the appeal was granted and filed with the clerk before the "Satisfaction of Judgment" was filed with the clerk. So clearly, in the present case, unlike Theriot, at the time of appeal the judgment had not been canceled.
Finally, in Theriot, the court distinguished the case of Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1 Cir.), writ denied, 279 So.2d 206 (La.1973), on the grounds that plaintiff's counsel had advised defendant's counsel that he might appeal. We find that the Henry Waters *1130 Truck case is more applicable to the present case than is Theriot. There is no evidence which clearly indicates that Vincent intended to abandon her appeal. In fact, the "Satisfaction of Judgment" and the filed appeal clearly evidence Vincent's intent to maintain her appeal. There was therefore no unconditional acquiescence, and Vincent has retained her right to appeal.
Motion denied.

ON THE MERITS
By her first assignment of error, Vincent contends that the trial judge erred by awarding only $10,000.00 in future medical expense. She argues that his ruling in effect ordered her to mitigate her damages by seeking the least expensive medical treatment available, thus denying her right to choose her physician. We agree that the award of $10,000.00 in future medical expense was erroneous.
A review of the record and the trial court's opinion indicate that the trial court found that Vincent needed decompression surgery to complete her recovery. The court quoted several physicians noting that plaintiff's choice, Dr. Phillips, was the most expensive, but that it was not clear that the other physicians offered the same surgical treatment. Specifically, the court noted that Dr. Phillips used electronic stimulation while the others did not. This service alone costs approximately $3,000.00 according to the record. The court indicated that the least expensive operation was available in Alexandria for $8,000.00 to $12,000 with additional costs for physical therapy, braces, and medication totaling several thousand dollars. In addition, the court noted that in order to have the surgery in Lake Charles or Alexandria, Vincent would have to find a new treating physician.
After reciting these findings, the trial court indicated that it had trouble determining quantum because of: 1) the length of time between the accident and trial; 2) the age of the plaintiff; and 3) the reluctance of Dr. Phillips and Vincent to have surgery to remedy the situation.
We find that none of these factors has any bearing on plaintiff's right to future medical expenses. The delay in trial, while no doubt exacerbated in part by Vincent's inability to keep an attorney, is not a cause to deny plaintiff damages to which she is entitled. Likewise, Vincent's age is no reason to reduce her award for the cost of surgery that the trial court found to be necessary. Finally, the court's distress with Dr. Phillips and Vincent's unwillingness to schedule surgery is no grounds to deny the plaintiff the full costs of surgery the trial court found was required. Vincent is elderly and respiratory problems caused her to cancel scheduled surgery. While the defendant and apparently the trial court would like Vincent to resolve the situation with surgery as quickly as possible, Vincent no doubt would prefer that the situation not be resolved by her death. Scheduling of surgery is a decision that is best made by the patient and the treating physician, who must assess the risk to the patient's health not the cost to her tortfeasor's insurer. The delay in surgery is apparently a result of Vincent's age and related medical risks. The defendants must take their victim as they find her.
Ultimately, the trial court awarded Vincent $10,000.00 in future medical expenses apparently choosing the median figure for the lowest cost quoted. We find that this award is manifestly erroneous. The court's award fails to consider the admitted additional $3000.00 dollars for electronic stimulation therapy offered by Dr. Phillips or the several thousand dollars of additional costs for physical therapy, braces and medication that the low-bidding physician indicated would be necessary. Accordingly, we increase the plaintiff's award for future medical expenses from $10,000.00 to $30,000.00.
By her second assignment, Vincent contends that the trial court erred in awarding only $55,000.00 in general damages. We disagree.
General damage awards are reviewed under the abuse of discretion standard. Theriot v. Allstate Insurance Co., 625 So.2d 1337 (La.1993). In determining whether the trier of fact abused its discretion by making an inadequate award, the evidence *1131 must be viewed in the light most favorable to the defendant. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977). We have reviewed the record as well as prior cases and find the trial court award within normal parameters. Accordingly we find no abuse of discretion in the trial court's award.

CONCLUSION
For the foregoing reasons defendant's motion to dismiss plaintiff's appeal is denied. The trial court's judgment is amended to increase the award of future medical expenses from TEN THOUSAND ($10,000.00) DOLLARS to THIRTY THOUSAND (30,000.00) DOLLARS. In all other respects the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-appellee.
AFFIRMED AS AMENDED.