JiDECUIR, Judge.
This appeal arises from an automobile accident on August 19, 1994, in Oakdale, Louisiana. After a trial on the merits, the trial court issued reasons and rendered judgment in favor of plaintiff, Douglas W. Johnson, and against defendants, Julius Dickens and his insurer, Patterson Insurance Company. The judgment of the trial court awarded the sum of $10,247.33 together with legal interest against defendants jointly and in solido, and awarded an additional sum of $7,000.00 together with legal interest to be paid by Julius Dickens.
Thereafter, the parties executed a Receipt and Partial Satisfaction of Judgment and Reservation of Rights, in which plaintiff acknowledged receipt of the sum of $11,457.79 paid by Patterson Insurance Company, representing payment in full of all amounts owed by Patterson and partial payment of all amounts owed by Julius Dickens under the judgment. This document further provides that except for the payment acknowledged, all other amounts remain due and owing, including but not ^limited to the award of $7,000.00, together with legal interest rendered solely against Dickens.
Plaintiff appeals contending that the trial court’s award for general damages is inadequate; that the trial court erred in refusing to award any amount for future medical; and that the trial court erred in failing to award penalties pursuant to La.R.S. 22:1220. Defendants answered the appeal contending that the trial court erred in apportioning 100% fault to Julius Dickens and in awarding excessive damages. Plaintiff subsequently filed a motion to dismiss defendants’ appeal on the grounds that the judgment appealed from is indivisible, and defendants acquiesced in the judgment thereby forfeiting their right to appeal by paying in full all amounts owed by Patterson and paying in part the amount owed by Julius Dickens without reserving their right to appeal.
Facts
On the date of the accident, plaintiff was driving south on Eleventh Street in Oakdale. He testified that when he approached the intersection of Eleventh Street and Sixth Avenue, he stopped at the stop sign. He further testified that he then proceeded across the westbound lane of Sixth Avenue, stopping in the median area to check for eastbound traffic on Sixth Avenue before then proceeding through the intersection. It appears from the record that the median contains shrubs and bushes, and when stopped at the stop sign, a motorist does not have a clear view of traffic that may be proceeding east on Sixth Avenue until he reaches the median. The evidence reflects that the left rear of plaintiff’s vehicle was slightly protruding on Sixth Avenue. While defendant’s vehicle was so positioned, defendant, Julius Dickens who was traveling west on Sixth Avenue, struck the left rear of plaintiff’s vehicle.
^According to Dickens’ testimony at trial, plaintiff’s vehicle was moving just prior to the accident; however, Dickens testified in deposition that he was not certain whether plaintiff’s vehicle was moving just prior to the accident. Dickens testified that he was rewinding a tape or changing a radio station and talking to his passenger just prior to the accident. He admitted that he looked away, and when he looked back at the roadway, he was two feet from plaintiff’s vehicle. Dickens stated that he jerked his steering wheel, but was unable to avoid hitting plaintiff’s vehicle. We note that Dickens also testified that there was nothing obstructing his view of plaintiffs vehicle; and had he been looking ahead, he could have prevented the accident.
Plaintiffs testimony that he was stopped in the median was corroborated by his passenger and by the officer investigating the accident. Defendant’s wife testified that she was one and one-half car lengths behind her husband’s vehicle when she allegedly observed plaintiff running the stop sign and pulling out in front of her husband.
Motion to Dismiss Appeal
The Receipt and Partial Satisfaction of Judgment and Reservation of Rights executed by all parties on October 18, 1996, indicates that plaintiff reserved his right to seek additional relief from both defendants *1113 by appeal. This document does not contain a reservation of right to appeal by the defendants. Furthermore, the document authorizes the cancellation of the judgment in full against Patterson and partial cancellation of the judgment against Dickens. This document was filed November 6,1996.
Pursuant to La.Code Civ.P. art.2085, payment of a judgment even without the express reservation of the right to appeal does not necessarily constitute voluntary and unconditional acquiescence which forfeits a party’s right to appeal. Hoyt v. State Farm Mutual Automobile Insurance Co., 413 So.2d 1003 (La.App. 3 Cir.), writ denied, 423 So.2d 1180 (La.1982). See also Schneider v. Mayo, 94-527 (La.App. 3 Cir. 12/7/94), 647 So.2d 606, writ denied, 95-0027 (La.2/17/95), 650 So.2d 254. However, where a satisfaction of judgment not only acknowledges payment but specifically authorizes the cancellation of a trial court judgment, no appeal can be taken. Theriot v. Castle, 343 So.2d 399 (La.App. 3 Cir.1977). Thus, based upon the jurisprudence Patterson has no right of appeal.
What is not immediately clear, however, is Dickens’ right to appeal since only a partial cancellation of the judgment was authorized as to this defendant. The record does not reflect the reason for the partial cancellation. Nevertheless, the record is devoid of any intention by either of the defendants to appeal the trial court judgment pri- or to filing its answer to the plaintiffs appeal on February 19, 1997. This fact distinguishes the case sub judice from Vincent v. State Farm Mutual Automobile Insurance Co., 95-1538 (La.App. 3 Cir. 4/3/96), 671 So.2d 1127, wherein this court held that the plaintiff was not precluded from appealing even though she entered into a satisfaction of judgment. In Vincent, the plaintiff filed a notice of intention to appeal prior to the execution of the satisfaction of judgment. Unlike Theriot, at the time of plaintiffs appeal in Vincent, the judgment had not been cancelled. The facts of this ease are more analogous to Theriot, thus defendants’ appeal is hereby dismissed.
La.Code Civ.P. art.2085 provides:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment. (Emphasis ours.)
|sWe must next address the question as to whether the judgment rendered against Dickens is divisible. The trial court awarded the sum of $15,000 for pain and suffering, $2,000 for past medical expenses, and $247.33 for property damage to plaintiffs vehicle. Thus, the total amount awarded, exclusive of interest and costs, is $17,247.33. We note that the Patterson policy limits for bodily injury is $10,000 and $10,000 for property damage. Patterson’s liability is thus limited to $10,247.33. This is reflected in the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, DOUGLAS W. JOHNSON, and against the defendants, PATTERSON INSURANCE COMPANY and JULIUS DICKENS, jointly and in solido, in the full sum of TEN THOUSAND TWO HUNDRED FORTY-SEVEN AND 33/100 ($10,247.33) DOLLARS together with legal interest thereon from date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, DOULGAS W. JOHNSON, and against the defendant, JULIUS DICKENS, in the additional sum of SEVEN THOUSAND AND 10/100 (sic) ($7,000.00) DOLLARS together with legal interest thereon from date of judicial demand until paid;
Based upon our examination of the circumstances of this case, i.e. Dickens failed to reserve his right to appeal; the record is devoid of any intention to appeal on his behalf; and the satisfaction of judgment was filed prior to the answer to appeal, leads this court to conclude that Dickens has no right to appeal. Furthermore, it is this court’s finding that Dickens acquiesced in an indivis *1114 ible judgment as against this defendant. We note jurisprudence which has held that where partial payment of a judgment is made without' a reservation to appeal a separate issue, no right of appeal lies. See Smith v. Louisiana Farm, Bureau Casualty Ins. Co., 603 So.2d 199 (La.App. 3 Cir.), writ denied, 605 So.2d 1115 (La.1992); Stanford v. St. Paul Fire & Marine Ins. Co., 425 So.2d 400 (La.App. 3 Cir.), writ denied 430 So.2d 83 (La.1983). We conclude that Dickens voluntarily acquiesced in the partial payment of both general 16damages and medical expenses without reserving his right to appeal either issue. Thus, Dickens’ appeal is also hereby dismissed.
General Damages
Plaintiff complains that the trial court’s award of $15,000 in general damages is inadequate. The trial court found that as a result of the accident, plaintiff sustained injury to his neck and low back for which hé was treated by Dr. Herbert Nesom, a family practitioner, and Dr. John Andrus, an internist. The record reflects that plaintiff never suffered from neck pain prior to the accident, but he was treated prior to the accident for arthritis in the low back.
The testimony of both Drs. Nesom and Andrus refléets that plaintiff had pre-existing degenerative disc disease in the lumbar spine. Dr. Andrus testified that plaintiff also had pre-existing arthritis and degeneration in the cervical spine. The record reflects that plaintiff had been unemployed since 1985 due to back problems. After the accident, x-rays and CT scans indicated a progression of the degenerative changes noted on x-rays prior to the accident, in addition to new findings of degenerative narrowing at L4-5 and L5-S1, along with bulging degenerative discs at L3, L4 and L5 interspaces. Plaintiffs physicians opined that the accident probably caused or made symptomatic three “probable” ruptured discs in his lower back. Dr. Andrus is of the opinion that the accident aggravated the disc disease in plaintiffs neck. We note Dr. Nesom’s testimony and that of Dr. Andrus reflecting findings in February 1993 suggestive of a ruptured disc in the lumbar area. Dr. Andrus testified “I .don’t think that the accident actually made his disc problems worse. I think his accident may have made his disc problems more symptomatic.”
Neither of plaintiffs physicians recommend changing the course of his treatment, i.e. occasional office visits and pain medication on an “as-needed” basis. |7Neither physician recommends surgery. Furthermore, Dr. Andrus placed no restrictions on plaintiffs activities and does not see a need for referral to a neurosurgeon or orthopedic surgeon.
Prior to the accident, plaintiff was treated periodically on an as-needed basis for back pain. According to the testimony of plaintiffs physicians, the course of treatment for his condition did not change after the accident.
General damage awards are reviewed under the abuse of discretion standard. Theriot v. Allstate Insurance Company, 625 So.2d 1337 (La.1993). In determining whether a trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977). We have reviewed the record as well as the jurisprudence, and find no abuse of discretion in the trial court’s award for general damages.
Future Medical
Considering the fact that neither of plaintiffs physicians recommends further testing, surgery or any change in the course of treatment for plaintiffs complaints allegedly due to the accident, we find no error in the trial court’s findings that plaintiff failed to prove his claim for future medical expenses. Plaintiffs visits for complaints of back pain were occasional and intermittent before the accident and remained so after the accident.
Penalties
Plaintiff contends the trial court erred in failing to award penalties pursuant to La.R.S. 22:1220 for Patterson’s breach of its duty to fairly and promptly adjust and settle plaintiffs claim. This assignment *1115 clearly lacks merit. Liability was a contested issue of fact in this case. We agree with the trial court’s finding that plaintiff is not Igentitled to penalties under the statute since there existed an issue of fact as to whether Patterson’s insured was liable for causing the accident.
The judgment of the trial court is affirmed. Costs of appeal are assessed one-half to plaintiff and one-half to defendants.
AFFIRMED.