# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-00204

JAMES RONALD JOHNSON

VERSUS

HAMILTON MEDICAL GROUP, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
15TH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2003-0434,
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**MOTION TO DISMISS DENIED.**

Scott M. Hawkins
Chris Villemarette
Hawkins & Villemarette, LLC
102 Asma Boulevard
Saloom III, Suite 110
Lafayette, Louisiana 70508
COUNSEL FOR PLAINTIFF/APPELLEE:
    James Ronald Johnson

Gary McGoffin
Shawn Carter
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
Post Office Box 51308
Lafayette, Louisiana 70505
COUNSEL FOR DEFENDANT/APPELLEE:
    Hamilton Medical Center, Inc. d/b/a Southwest Medical Center -
    Lafayette

**AMY, Judge.**

Defendant-appellee, Hamilton Medical Center, Inc. d/b/a Southwest Medical Center - Lafayette (hereinafter "SMC"), has filed a "Motion to Dismiss Appeal in Part," in regards to the appeal filed by plaintiff-appellant, James Ronald Johnson (hereinafter "Johnson"). Johnson was awarded a judgment against SMC in the amount of "$62,127.25, together with legal interest from date of judicial demand until paid" and "$18,975.32, together with legal interest from date of judgment, until paid." SMC paid Johnson the amounts as ordered by the judgment, including principal and interest on August 16, 2004, and enclosed therewith, a "Partial Satisfaction of Judgment and Cancellation of Mortgage" (hereinafter "Partial Satisfaction of Judgment"). The document was executed by Johnson on August 16, 2004. It contained the following reservation of rights: (1) to seek the interest awarded on the $18,975.32 and (2) to recover the fees of Glenn Hebert as costs. In the Partial Satisfaction of Judgment, Johnson also directed the partial cancellation from the mortgage records the portion of the judgment that had been acknowledged as paid, and also directed the subsequent full cancellation of said judicial mortgage, when court costs were paid. The relevant language states:

> Satisfaction of said Judgment, including all principle and interest, but excluding all costs of court, is hereby acknowledged by Petitioner, reserving unto Petitioner the right to seek interest from date of judicial demand until date of judgment on the $18,975.32 award hereinabove, and further reserving unto Petitioner the right to recover fees of Glenn Hebert as costs, and the Clerk of Court is hereby authorized and directed to cancel the acknowledged portion of said Judgment recorded under File Number 04-033671 in the Mortgage Records of the Clerk of Court for the Parish of Lafayette.

SMC, consequently, has moved for the dismissal of all issues presented for

1

review in Johnson's pending appeal that were not specifically reserved by him in the Partial Satisfaction of Judgment.

Generally, a party who successfully gains a judgment in his or her favor may accept payment of the judgment, without forfeiting the right to an appeal. *See Eck v. O'Flarity*, 498 So.2d 1210 (La.App. 4 Cir. 1986). This is because appeals are favored and the forfeiture of a right to appeal through acquiescence in a judgment, is never presumed. *Kendrick v. Garrene*, 91 So.2d 603 (La.1956); *Theriot v. Castle*, 343 So.2d 399 (La.App. 3 Cir. 1977). This state's jurisprudence has long made it clear that the party seeking the dismissal of an appeal is required to establish the other party's intention to acquiesce in the judgment and abandon his or her right to appeal, with sufficient direct or circumstantial evidence. *Coleman Oldsmobile, Inc. v. Johnson*, 474 So.2d 20 (La.App. 1 Cir. 1985) and cases cited therein. This acquiescence must be clearly demonstrated. *Id*.

This court has in the past ruled that the execution of a valid release or satisfaction of judgment constitutes a clear demonstration of the requisite acquiescence in a judgment and signifies that the party's abandonment of any right to appeal, excluding those portions of the judgment for which there has been asserted a reservation of rights. *Theriot*, 343 So.2d 399. Moreover, this court held therein that when cancellation and erasure of the lower court judgment accompanies the acceptance of payment of the judgment, the ability to appeal that judgment no longer exists, since appeals cannot be taken from cancelled and erased judgments. *Theriot,* 343 So.2d 399.

However, in *Vincent v. State Farm Mut. Auto. Ins. Co.*, 95-1538

(La.App. 3 Cir. 4/3/96), 671 So.2d 1127, this court later departed from *Theriot*, 343 So.2d 399, finding that despite the execution of a satisfaction of judgment, directing cancellation of the judgment, other factors can simultaneously exist to serve as an indication of the appealing party's intent to maintain the right to appeal. We find *Vincent*, 671 So.2d 1127, more analogous to the instant case.

In *Vincent*, this court distinguished *Theriot*, 343 So.2d 399, by pointing out several factual distinctions, which prevented a finding of clear acquiescence in a judgment. *Vincent,* 671 So.2d 1127. The court found that despite the existence of a Satisfaction of Judgment which contained directions to cancel same, the appealing party had also filed a Notice of Appeal with the trial court prior to executing and filing the Satisfaction of Judgment at issue. *Vincent,* 671 So.2d 1127. This court also found it relevant that the judgment in that case, unlike *Theriot*, had not been cancelled by the time the appeal was granted. *Id*. In addition, the first circuit's decision in *Henry Waters Truck & Tractor Co., Inc. v. Relan*, 277 So.2d 463 (La.App. 1 Cir.), *writ denied*, 279 So.2d 206 (La.1973), was considered by the *Vincent* court. *Id*. Therein it was held that there could not be a finding of an unconditional acquiescence in a judgment, even though the judgment was paid, where simultaneous notice of an intention to appeal was also given. *Vincent*, 671 So.2d 1127.

Applying *Vincent*, 671 So.2d 1127, to the facts of this case, this court does not find a clear indication of Johnson's intention to acquiesce in the judgment and abandon his right to appeal. Rather, the facts reveal that although the Partial Satisfaction of Judgment was filed on September 23, 2004,

3

Johnson's request for an appeal was granted two weeks prior to that date. Accordingly, the judgment was not cancelled prior to the appeal being taken. In addition, Johnson submitted his Notice of Appeal to the trial court on the same date that he returned the executed Partial Satisfaction of Judgment to opposing counsel, further serving as an indication of his intent to retain his appeal rights. *See also, Strickland v. Tesoro Drilling Company*, 419 So.2d 1281 (La.App. 1 Cir. 1982). We note also that Johnson contends in his brief that his attorney advised opposing counsel on multiple occasions prior to the execution of the Partial Satisfaction of Judgment of his intention to appeal.

Therefore, finding no clear indication of an acquiescence in the judgment and abandonment of appeal rights on the part of Johnson, we find that Johnson has retained his right to appeal.

**MOTION TO DISMISS DENIED**.