STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 12-438


WILLIAM MARK DARBY

VERSUS

QUALITY CONCRETE COMMERCIAL CONTRACTORS, INC., ET AL.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 9
PARISH OF IBERIA, NO. 10-08799
ELIZABETH CLAIRE LANIER, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE


**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.



MOTION TO DISMISS APPEAL DENIED.




Mark Alfred Ackal
Attorney at Law
Post Office Box 52045
Lafayette, LA 70505
(337) 237-5500
COUNSEL FOR DEFENDANTS/APPELLEES:
    Bridgefield Casualty Ins. Co.
    Quality Concrete Commercial Contractors, Inc.

**Craig Alan Davis**
**Attorney at Law**
**111 Mercury**
**Lafayette, LA 70503**
**(337) 231-5351**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**William Mark Darby**

**THIBODEAUX, Chief Judge.**

Defendants-Appellees, Quality Concrete Commercial Contractors, Inc., and Bridgefield Casualty Insurance Company, move to dismiss this appeal on the ground that Plaintiff acquiesced in the judgment at issue in this appeal. For the reasons given herein, we deny the motion.

This case arises out of a workers' compensation claim which Plaintiff, William Mark Darby, filed against Defendants as a result of a work-related accident. Plaintiff allegedly fell into a hole and injured his back while working for Quality Concrete Commercial Contractors, Inc., on August 2, 2010. Plaintiff began receiving medical and indemnity benefits on August 6, 2010. However, Defendants subsequently terminated Plaintiff's benefits and refused to authorize medical treatment, including a recommended surgery, because Plaintiff had allegedly made false statements related to his claim. The case went to trial in October of 2011. In the judgment signed on November 30, 2011, Plaintiff was awarded workers' compensation benefits as well as $2,000.00 in penalties and $5,000.00 in attorney's fees. The notice of judgment was mailed on December 1, 2011. On January 23, 2012, Plaintiff filed a motion for appeal, and the order of appeal was signed on January 25, 2012.

The appeal was lodged in this court on April 12, 2012. At this time, Defendants seek to have this appeal dismissed pursuant to La.Code Civ.P. art. 2085, which provides as follows:

> An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.

Defendants argue that the instant appeal should not be allowed because Plaintiff acquiesced in the judgment. In that regard, Defendants point out that, on December 14, 2011, they forwarded three checks to Plaintiff to cover the workers'

compensation benefits as well as the penalties and attorney's fees which had been awarded to Plaintiff by the workers' compensation court's judgment of November 30, 2011. Defendants also point out that the checks representing the judgment amounts were negotiated and deposited by Plaintiff and his counsel on or about December 15, 2011, and that, on December 20, 2012, Plaintiff's attorney sent to Defendants' counsel a letter acknowledging receipt of the checks representing the judgment amount. Defendants note that Plaintiff seeks to appeal only that portion of the workers' compensation court's judgment which pertains to penalties and attorney's fees. However, Defendants argue that, by accepting payments for the amounts awarded for penalties and attorney's fees, Plaintiff acquiesced in the penalties and attorney's fees awarded. As such, Defendants assert that Plaintiff waived his right to appeal the judgment at issue in this appeal.

We note that in the judgment being appealed in the instant case, Plaintiff was awarded $2,000.00 for penalties and $5,000.00 for attorney's fees. By this appeal, Plaintiff seeks to have the awards for penalties and attorney's fees increased. However, Defendants argue that, pursuant to La.Code Civ.P. art. 2085, Plaintiff's appeal is prohibited. We note that Defendants' argument that Plaintiff waived his right to appeal by acquiescing in the judgment is based solely on the fact that Plaintiff accepted payment of the $2,000.000 awarded for penalties and the $5,000.00 awarded for attorney's fees.

While the first sentence in La.Code Civ.P. art. 2085 prohibits an appeal by a party who acquiesces in a judgment "rendered against him," we find that the judgment at issue is not a judgment rendered completely against Plaintiff. Rather, we find that the judgment was only "against Plaintiff" in the sense that he was denied larger awards for penalties and attorney's fees. As such, we hold that the first sentence in La.Code Civ.P. art. 2085 does not serve to bar Plaintiff's appeal in this case.

Further, we note that the second sentence in La.Code Civ.P. art. 2085 provides that "[c]onfession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment." Because Plaintiff was awarded some of the penalties and attorney's fees he sought to recover from the workers' compensation court, we find that the judgment at issue in this appeal was partially in Plaintiff's favor. We note that with regard to situations wherein a plaintiff files an appeal seeking an increase in quantum, the jurisprudence has held that ". . . one who accepts payment of or even executes upon a money judgment does not thereby acquiesce in any part of a judgment 'against him,' but only in the judgment insofar as it is in his favor." *Eck v. O'Flarity*, 498 So.2d 1210, 1210 (La.App. 4 Cir. 1986).

In the instant case, we find that while Plaintiff acquiesced in the favorable portion of the judgment which awarded him $2,000.00 in penalties and $5,000.00 in attorney's fees, he did not acquiesce in the unfavorable portion of the judgment which denied his requests for additional amounts for penalties and attorney's fees. As such, we conclude that La.Code Civ.P. art. 2085 does not bar Plaintiff from appealing the workers' compensation court's awards for penalties and attorney's fees. We find that such a conclusion is appropriate because this court has stated that "[g]enerally, a party who successfully gains a judgment in his or her favor may accept payment of the judgment, without forfeiting the right to an appeal. This is because appeals are favored and the forfeiture of a right to appeal through acquiescence in a judgment, is never presumed." *Johnson v. Hamilton Medical Group*, 05-204 (La.App. 3 Cir. 4/20/05), 900 So.2d 341, 342 (citations omitted).

For the foregoing reasons, Defendants' motion to dismiss the appeal is denied at Defendants' cost.

**MOTION TO DISMISS APPEAL DENIED**.